Everett HADIX, et al., Plaintiffs,

v.

Perry M. JOHNSON, et al., Defendants.

No. 80–CV–73581–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 5, 1996.

Michael J. Barnhart, Detroit, MI, for Plaintiffs.

Susan Przekop–Shaw, Asst. Attorney General, Michigan Dept. of Corrections, Lansing, MI, for Defendants.

## OPINION AND ORDER DENYING A STAY OF THE CONSENT DECREE

FEIKENS, District Judge.

On June 10, 1996, defendants moved for immediate termination of the consent decree in this case pursuant to the Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104–134, 110 Stat. 1321, amending 18 U.S.C. § 3626.

The complaint originating this action was filed on August 12, 1980; I quote from the Introduction to the Consent Decree ("consent decree" or "decree"). It reads: "[Paragraph] 3. The complaint in this case alleges that the rights of the Plaintiffs secured by the First, Eighth, Ninth and Fourteenth Amendments of the United States Constitution have been violated." The consent decree goes on to state that the "provisions contained herein are intended by the parties to assure the constitutionality of the conditions under which the prisoners are incarcerated at SPSM–CC (Central Complex of the State Prison of Southern Michigan).

I approved a consent decree that addressed these claims.

The terms of the consent decree involve twelve broad areas: Sanitation, Safety and Health; Health Care; Fire Safety; Overcrowding and Protection from Harm; Volunteers; Access to Courts; Food Service; Management; Operations; Mail; Compliance; and Inspection. The portions of the case involving medical and mental health care and access to the courts were transferred to now-Chief Judge Richard A. Enslen of the Western District of Michigan in 1992 and 1993, respectively.[1]

The defendants also moved on June 10, 1996, to terminate the consent decree in that portion of the case before Judge Enslen. In

1. In part, this transfer came about by stipulation of the parties and by order of the United States Court of Appeals for the Sixth Circuit.

their brief, and oral argument heard on July 2, 1996, the defendants cited § 3626(e)(2) of the PLRA, which provides that "prospective relief subject to a pending motion [for termination] shall be automatically stayed" beginning on the 30th day after such motion is filed until the date "the court enters a final order ruling on the motion." Thus, all agreements and orders that have been made throughout the eleven years of this consent decree would abruptly cease on July 9, 1996, until this court enters a final order on the defendants' motion for termination of the consent decree, an order which could only be issued after an indeterminable amount of time because of the factual and legal complexities involved in adjudicating this motion.

Suspending the consent decree could have profound effects: Presently the State Prison of Southern Michigan is undergoing *vast* structural and organizational changes in accordance with a Break–Up Plan approved by the parties and the court in accordance with the requirements of the consent decree. This Break–Up Plan[2] is underway, and phases of it already are completed; but much is still to be done. While reason would probably dictate that this project would not be suspended, under § 3626(e)(2) of the PLRA, defendants would have the power so to do.

It has been suggested by plaintiffs' counsel that I avoid the constitutional question of the automatic stay provision by suspending it under the All Writs Act, 28 U.S.C. § 1651(a)[3], which enables a court to "preserve the court's jurisdiction or maintain the status quo" pending the questions before it. *Arrow Transp. Co. v. Southern Ry. Col.*, 372 U.S. 658, 671 n. 22, 83 S.Ct. 984, 991 n. 22, 10 L.Ed.2d 52 (1963). However, this provision is such a palpable constitutional violation in which Congress takes over a court's docket and intrudes on a court's final judgment that I find it unnecessary to use the All Writs Act as a stopgap for what is perfectly clear.

The automatic stay provision is not an attempt by Congress to limit the jurisdiction of Article III courts, it is an encroachment by Congress into a court's final order, overturning it until a later date. Article III, Section 1, of the Constitution says that "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." In his momentous decision discussing the separation of powers, Justice Storey stated:

> If, then, it is a duty of congress to vest the judicial power of the United States, it is a duty to vest the whole judicial power. The language, if imperative as to one part, is imperative as to all. If it were otherwise, this anomaly would exist, that congress might successively refuse to vest the jurisdiction in any one class of cases enumerated in the constitution, and thereby defeat the jurisdiction as to all; for the constitution has not singled out any class on which congress are bound to act in preference to others.

*Martin v. Hunter's Lessee,* 1 Wheat. 304, 4 L.Ed. 97 (1816). Similarly, two of the original Supreme Court justices, while sitting as judges of a circuit court, observed that Congress may not infringe, even temporarily, on decisions of the judiciary:

> And we beg leave to add, with all due deference, that no decision of any court of the United States can, under any circumstances in our opinion, agreeable to the constitution, be liable to a revision, *or even suspension,* by the legislature itself, in whom no judicial power of any kind appears to be vested, but the important one relative to impeachments.

*Hayburn's Case,* 2 Dall. 409 (U.S.1792) (emphasis added).

Judge Enslen has filed an opinion and order on the automatic stay provision. I

---

2. Until recently this large state prison housed all inmates under one roof. Hereafter there will be at least four autonomous prisons on the same site.

3. The All Writs Act provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

concur with his opinion and incorporate it herein as Appendix A.

I conclude that § 3626(e) is unconstitutional.

THEREFORE, the prospective relief that has been awarded to plaintiffs pursuant to the consent decree will not be stayed pending a determination of defendants' motion to terminate the decree.

**IT IS SO ORDERED.**