**Sterling S. JAMES, et al., Plaintiffs,**

v.

**Russell E. LASH, et al., Defendants.**

**HERMAN X. (Walker), et al., Plaintiffs,**

v.

**Ward LANE, Warden, Defendant.**

**Nos. S 73–5 AS, 3687.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 13, 1996.

Sterling S. James, Michigan City, IN, pro se.

Raymond X. Stone, Michigan City, IN, pro se.

John X. Tinsley, Michigan City, IN, pro se.

Anthony W. Overholt, Office of Indiana Attorney General, Indianapolis, IN, for Defendants.

## *MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

The court now takes up the defendants' motion to terminate the consent judgment in this case pursuant to 18 U.S.C. § 3626(b)(2), as amended by the recently enacted Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, § 802(a), 110 Stat. 1321. The defendants filed their motion on October 21, 1996; the plaintiffs filed a response, and the defendants replied. After reviewing the file and the parties' arguments, it appears that the defendants' motion must be granted.

The plaintiffs, inmates at the Indiana State Prison ("ISP"), are adherents of the Muslim religion. The complaints alleged that Muslim prisoners at the ISP were being denied their First Amendment right to freely exercise their religious beliefs. The parties negotiated certain policies and procedures regarding the practice of religion by Muslim inmates, which were promulgated as the Indiana State Prison Standard Operation Procedure # 605—"Guidelines for the Practice of Religion by the Islamic Community" ("Procedure # 605"). A consent judgment, directing that the defendants would adopt and implement Procedure # 605, was entered on May 28, 1982.

Procedure # 605 basically recognizes the American Muslim Mission ("Black Muslims") as a legitimate religion and affords them the same rights as other recognized religious groups. The Muslims were to be provided an office, office furniture and equipment; weekly religious services as well as religious study classes; right to possess the Koran and other religious books; right to wear religious jewelry that satisfies existing regulations applicable to all inmates; a pork free diet; and, right to observe Ramadan and to conduct and participate in the feast of Ramadan.

The defendants move to terminate the consent judgment based on § 3626(b)(2) of the PLRA, which provides that the defendant in a prison conditions case is entitled to:

immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right.[1]

The defendants contend that the consent judgment was granted without the findings set forth in § 3626(b)(2), and accordingly, they are entitled to an immediate termination of the judgment. They argue that once it is determined that the necessary findings were not made, the court's inquiry is over and termination of the judgment automatically follows.

The plaintiffs contend that the consent decree is protected from termination by § 3626(b)(3), which provides that:

Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing

---

1. Prospective relief is defined as all relief other than compensatory monetary damages. 18 U.S.C. § 3626(g)(7).

violation of the Federal right, extends no further than necessary to correct the violation of a Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

The plaintiffs argue that the consent judgment should not terminate because the relief provided in the judgment remains necessary to protect the plaintiffs' rights under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.* Under the RFRA the plaintiffs' religious rights may be burdened only if the government demonstrates that the burden is the least restrictive means of furthering a compelling government interest. § 2000bb-1. Plaintiffs claim that termination of the judgment will substantially burden their religious freedom rights and, therefore, the defendants must demonstrate that the ensuing burden meets the RFRA test. The plaintiffs' argument is based on the assertion that because "the defendants want to terminate the consent decree, the court must assume they no longer want to comply with its terms...."

The defendants in turn state that § 3626(b)(3) is applicable only if the record shows that there is a "current or ongoing violation" of the plaintiffs' federal rights, and argue that the plaintiffs here have not demonstrated a current violation.

The parties agree that the findings required by § 3626(b)(2) were not made prior to granting the consent judgment. The question is whether the relief provided by the consent judgment remains necessary. The language of § 3626(b)(3) seems to clearly and unambiguously require a finding of a current or ongoing violation of a federal right. This is totally consistent with pre-PLRA law regarding motions to modify or terminate consent judgments under Federal Rule of Civil Procedure 60(b). *See, e.g., United States v. City of Miami,* 2 F.3d 1497, 1506 (11th Cir.1993) (court is not "doomed to some Sisyphean fate, bound forever to enforce and interpret a preexisting decree without ever occasionally pausing to question whether changing circumstances have rendered the decree unnecessary...."); *Mackin v. Boston,* 969 F.2d 1273, 1276 (1st Cir.

1992), *cert. denied,* 506 U.S. 1078, 113 S.Ct. 1043, 122 L.Ed.2d 352 (1993) (in institutional reform cases, judicial intervention should not continue "after the violation has abated and its pernicious effects have been cured."); *Youngblood v. Dalzell,* 925 F.2d 954, 961 (6th Cir.1991) (before dissolving a consent decree the court "must determine that the goals of the consent decree have been achieved"). At most, the statute could be interpreted as allowing for a finding that there is a substantial and very real danger that a violation of rights will follow the termination of a consent judgment. *See, e.g., Inmates of Suffolk County Jail v. Rufo,* 12 F.3d 286, 292 (1st Cir.1993) (court should consider future "to be satisfied that there is relatively little or no likelihood that the original constitutional violation will promptly be repeated when the decree is lifted").

The plaintiffs do not argue, suggest or imply that there is a current, ongoing violation of their federal rights. Nor do they argue that the defendants have ever failed to comply with the terms of the consent judgment. I note that the defendants filed their reply on November 14, and to date the plaintiffs have not responded with an argument that there is indeed a current or ongoing violation. There is no reason to believe that the defendants have not fully met their obligation under the consent judgment.

Based on the record here, there is simply no basis to find a current or ongoing violation of federal rights. Moreover, an unsupported assertion that the defendants *might* alter the status quo to the extent a violation occurs appears to be too speculative to satisfy § 3626(b)(3). It would also be inconsistent with the goal of the PLRA, and Supreme Court holdings, to limit judicial intervention in the administration of a state's prison system. *E.g., Bd. of Education of Oklahoma City Public Schools v. Dowell,* 498 U.S. 237, 248-49, 111 S.Ct. 630, 637-38, 112 L.Ed.2d 715 (1991) (at some point judicial oversight over state institutions must draw to a close).

Additionally, in a motion to dismiss filed by the defendants in 1973, they referred to the plaintiffs as members of the "Black Muslim cult." It is unlikely that at this point in time, 23 years after the reference, prison officials

would fail to recognize the Muslims as a legitimate, firmly established religious group. As such, even if the consent judgment is terminated, prison officials are still bound to provide Muslim prisoners their rights under the First Amendment and the RFRA.

Section 3626(e)(2)(A)(i) of the PLRA provides that any prospective relief subject to a motion under § 3626(b)(2) shall be automatically stayed on the 31st day after the motion was filed. The consent judgment here was stayed on November 21 (which was before the file had even been received from the archives), and there is no indication that the defendants used the stay as an opportunity to make any changes in Procedure # 605.

In the few cases that have been published or reported on Westlaw addressing similar motions, the plaintiffs all challenged the Constitutionality of § 3626(b)(2). *Plyler v. Moore*, No. 96–6884, 1996 WL 659352 (4th Cir. Nov. 14, 1996) (does not violate separation-of-powers doctrine, equal protection or due process); *Benjamin v. Jacobson*, 935 F.Supp. 332 (S.D.N.Y.1996) (same); *contra*, *Gavin v. Ray*, No. 4–78–CV–70062, 1996 WL 622556 (S.D. Iowa Sept. 18, 1996) (violates separation-of-powers doctrine). In *Hadix v. Johnson*, 933 F.Supp. 1360 (E.D.Mich.1996) and *Hadix v. Johnson*, 933 F.Supp. 1362 (W.D.Mich.1996), Judge Feikens and Judge Enslen respectively found the automatic stay provision, § 3626(e), violated the separation-of-powers doctrine.[2] However, because the plaintiffs here have not raised any Constitutional questions, there is no need to discuss this issue.

For the foregoing reasons, the court **GRANTS** the defendants' motion to terminate the consent decree, and the consent judgment in this action is hereby **TERMINATED. IT IS SO ORDERED.**

---

**2.** This is the same case, but for some reason different issues were tried in different districts.