_____

No. 95-3806SD
_____

Samantha Sabers;                        *
                                        *
         Plaintiff-Appellant,           *
                                        *
Lora Davis,                             *
                                        *
         Plaintiff,                     *
                                        *
     v.                                 *
                                        *
Lynne Delano, in both her              *
official and individual                 *
capacity; Jim Smith, in both            *
his official and individual             *
capacity; Darryl Slykhuis, in           *
both his official and                   *
individual capacity; Robert             *
Dooley, in both his official            *    Appeal from the United States
and individual capacity; Don            *    District Court for the District
Irish, in both his official and         *    of South Dakota.
individual capacity; Tami               *
Vonsik, in both her official            *         [PUBLISHED]
and individual capacity; Amy            *
Bradley, in both her official           *
and individual capacity; Sally          *
Boyd, in both her official and          *
individual capacity; William            *
Minder, in both his official            *
and individual capacity;                *
Cheryl Martens, in both her             *
official and individual                 *
capacity; John Kuckleburg, in           *
both his official and                   *
individual capacity; Dallas             *
Schneider, in both his official         *
and individual capacity,                *
                                        *
         Defendants-Appellees.          *
                                 _____

                      Submitted:  October 21, 1996

                        Filed:  October 30, 1996
                                 _____

Before FAGG, HEANEY, and HANSEN, Circuit Judges.
                                 _____

PER CURIAM.

Samantha Sabers, an inmate at the Springfield Correctional Facility (SCF) in South Dakota, brought this 42 U.S.C. § 1983 action against various SCF officials alleging they violated her constitutional right of access to the courts under Bounds v. Smith, 430 U.S. 817, 828 (1977) (prison authorities must provide inmates with adequate law libraries or adequate assistance from persons trained in the law).  Although the SCF provided inmates with a contract attorney to assist them in legal matters, Sabers alleged the attorney's services were inadequate because of his work experience and library resources.  Sabers asked the district court to enter an order directing the SCF officials to provide a law library at the SCF, along with instructional books and training sessions.  Later, Sabers moved for leave to amend her complaint to bring her lawsuit as a class action. After conducting a hearing on both motions, the district court held Sabers failed to show any concrete injury from the alleged constitutional violation.  The district court thus granted the SCF officials' motion for summary judgment and denied Sabers's motion to amend her complaint as moot.

On appeal, Sabers contends that she and other prisoners are systematically denied access to the courts, and thus she need not show the lack of a law library or the attorney's inadequate assistance actually injured her.  See Jones v. James, 38 F.3d 943, 945 (8th Cir. 1994).  The Supreme Court recently rejected this contention in Lewis v. Casey, 116 S. Ct. 2174, 2180, 2181 n.4 (1996).  When bringing an access-to-courts claim, a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.  Id.  Instead, the plaintiff must show the lack of a library or the attorney's inadequacies hindered the plaintiff's efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.

Id. at 2181-82. The Constitution does not require a state to "enable [a] prisoner to discover grievances, and to litigate effectively once in court." Id. at 2181. Sabers has offered no facts indicating the attorney's alleged shortcomings or the lack of a law library prejudiced her in a legal case. Because Sabers suffered no cognizable injury, she lacked standing to bring the access-to-courts claim. Id. at 2179. Absent standing to bring the claim in her own right, Sabers is not eligible to represent a class of persons raising the same claim. Foster v. Center Township of LaPorte County, 798 F.2d 237, 244 (7th Cir. 1986); see East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403-04 (1977). We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.