**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1123

_____

Billy Joe Tyler; Joseph Fitzpatrick;   *
Richard Belleville, individually and on                              *
behalf of all similarly situated inmates,                            *
                                        *
     Plaintiffs - Appellees,         *
                                        *
     v.                              *       Appeal from the United States
                                        *       District Court  for the
James W. Murphy, Sheriff of the City    *        Eastern District of Missouri.
of St. Louis,                           *
                                        *
     Defendant - Appellant,          *
                                        *
City of St. Louis,                      *
                                        *
     Defendant - Appellee.           *

_____

Submitted:  September 10, 1997
    Filed:  February 5, 1998

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 1974, inmates of the St. Louis City jail commenced this class action challenging conditions of their confinement.  The district court found constitutional violations because of overcrowding, entered injunctive relief, and has extensively

regulated the St. Louis jail facilities for over twenty years.  In 1993 and 1994, the court issued a series of injunctive orders establishing various population ceilings, including a maximum of twenty technical probation violators at the City's Medium Security Institution (MSI).  City judges appealed the 1994 orders, and we summarily vacated and remanded for further consideration in light of the newly enacted Violent Crime Control and Law Enforcement Act of 1994, codified at 18 U.S.C. § 3626.  <u>Tyler et al. v. Tripp et al.</u>, No. 94-3646 (8th Cir. Dec. 21, 1994).

In August 1996, the district court had not yet reconsidered its 1994 orders as we directed.  The inmates brought a new motion to establish a twenty-person ceiling or "cap" on technical probation violators held at MSI.  In the meantime, Congress had enacted the Prison Litigation Reform Act (PLRA), which amended § 3626 to impose greater procedural and substantive restrictions on federal court authority to issue broad injunctions regulating conditions at state and local prisons.  On September 16, 1996, without holding a hearing, making findings of fact, or discussing the PLRA amendments, the district court granted the inmates' motion.

Some weeks later, the City of St. Louis Sheriff, James Murphy, delivered two alleged probation violators for confinement at MSI.  They were rejected because MSI had reached the twenty-probation-violator cap, even though MSI had more than seventy-five available beds.  Sheriff Murphy had to pay for their confinement elsewhere.  He then moved to dissolve or reconsider the September 16 injunction as exceeding the district court's equitable powers and violating the PLRA.  The district court summarily denied that motion without discussing the PLRA.  Sheriff Murphy appeals.  On February 28, 1997, we issued an order staying all injunctive orders affecting the technical-probation-violator cap.  We now reverse.

## I.

The inmates argue that we lack jurisdiction for three reasons: because the district court's September 16, 1996, order merely clarified its earlier injunction orders and therefore is not appealable, see Mikel v. Gourley, 951 F.2d 166, 169 (8th Cir. 1991); because Sheriff Murphy's appeal is a belated appeal from the September 16 order; and because the doctrine of issue preclusion bars the Sheriff from relitigating the validity of the technical probation violator cap.

These contentions are without merit. The appealability of the September 16 order is not at issue. The Sheriff's notice of appeal explicitly states that he is appealing the order denying his motion to dissolve that injunction. Absent abuse, such as the filing of successive unsuccessful motions, the order denying a motion to dissolve an injunction is appealable. See 28 U.S.C. § 1292(a)(1); SEC v. Suter, 832 F.2d 988, 990 (7th Cir. 1987). The September 16 order had no impact on Sheriff Murphy until he was barred from confining alleged probation violators in empty jail cells. He promptly moved to dissolve the injunction, alleging changed circumstances including enactment of the PLRA. That motion was timely under Fed. R. Civ. P. 60(b)(5), and its denial is appealable. See Johnson v. Heffron, 88 F.3d 404, 407 (6th Cir. 1996); Association for Retarded Citizens v. Sinner, 942 F.2d 1235, 1239-40 (8th Cir. 1991); James v. Lash, 949 F. Supp. 691, 693 (N.D. Ind. 1996). The doctrine of issue preclusion does not foreclose such reconsideration of prospective relief. See, e.g., Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992).

## II.

Turning to the merits, Sheriff Murphy argues that the district court erred in summarily denying his motion to dissolve the injunction under prior law because the technical probation violator cap was imposed "without the slightest consideration of whether it was needed to remedy a constitutional violation." Alternatively, he argues

-3-

the court should have dissolved the injunction because it violates the PLRA -- it is not the least restrictive remedy needed to correct the violation of a federal right of particular plaintiffs, it was entered without the requisite evidentiary hearing and mandated findings of fact, and it is a "prisoner release order" that may only be entered by a three-judge court, see 18 U.S.C. § 3626(a)(3)(B). We agree that the district court's September 16 order violated the PLRA, and therefore the court erred in denying the Sheriff's motion to dissolve. Thus, we need not address the Sheriff's argument concerning prior law.

Section 802 of the PLRA amended 18 U.S.C. § 3626 to further restrict the power of federal courts to manage prison conditions through injunctive orders and consent decrees. The statute "limits remedies to those necessary to remedy the proven violation of federal rights." H.R. Rep. No. 104-21, at 24 n.2 (1995); see Plyler v. Moore, 100 F.3d 365, 369 (4th Cir. 1996).[1] The district court's summary denial of Sheriff Murphy's motion to dissolve violated § 3626 in numerous respects. The motion sought to dissolve an injunction granting "prospective relief," defined by the PLRA to include "all relief other than compensatory monetary damages." § 3626(g)(7). Therefore, the motion was explicitly authorized by § 3626(b), yet it was denied without compliance with that subsection's relevant provisions:

> (b)(2) Immediate termination of prospective relief. -- In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

---

[1]Section 3626 was further amended by Pub. L. No. 105-119, § 123, 111 Stat. 2470 (1997). In this opinion, we quote and apply the statute presently in effect with these 1997 amendments.

> (3) Limitation. -- Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

See Gavin v. Branstad, 122 F.3d 1081, 1084 (8th Cir. 1997), holding that § 3626(b)(2) is retroactive. Moreover, the injunction in question is a "prisoner release order," that is, one "that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison." § 3626(g)(4). Yet the court granted the injunction on September 16, 1996, after the effective date of the PLRA, without discussing the applicability of § 3626(a)(3),[2] which provides in relevant part:

> (a)(3) Prisoner release order. -- (A) In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and (ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

> (B) In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.

---

[2]The parties debate at length whether the September 16 order was merely an extension of prior injunctions or the grant of new or modified prospective relief. We believe the issue is irrelevant to the proceedings that should be held on remand. However, we note that the September 16 order expanded the previously undefined term, "technical probation violator," to include absconders. To that extent at least, it fell within the purview of § 3626(a)(3).

(E) The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that -- (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right.

The inmates respond that the PLRA's immediate termination provision in § 3626(b)(2) is unconstitutional. It violates separation of powers principles, they contend, by reopening final judgments and prescribing rules of decision for pending cases. It violates due process by reopening final judgments. It deprives inmates of equal protection by limiting their right of access to the courts. And it deprives federal courts of their power to remedy constitutional violations.

We considered and rejected all but the last of these contentions in Gavin, 122 F.3d at 1085-92. Accord Dougan v. Singletary, 129 F.3d 1424 (11th Cir. 1997); Plyler v. Moore, 100 F.3d at 370-75. We likewise reject the argument that § 3626(b) cripples the judiciary's ability to remedy constitutional violations. Section 3626(b)(2) requires immediate termination of orders that were entered without requisite findings. "It is well-established that Congress has the authority . . . to require a court in equity to make certain findings before issuing injunctive relief." Gavin, 122 F.3d at 1087. Section 3626(b)(3) expressly permits the district court to continue appropriately tailored prospective relief that the court finds necessary to remedy a current violation of federal rights. Thus, the statute preserves a court's ability to remedy constitutional violations. Accord Green v. Peters, 1997 WL 769458, at *8 (N.D. Ill. Dec. 5, 1997). Federal courts are courts of limited jurisdiction, and it is well within Congress's power to preclude them from exercising remedial powers beyond those necessary to remedy violations of federal law. "[P]rinciples of federalism and comity require that 'a federal court's regulatory control . . . not extend beyond the time required to remedy the effects of past [constitutional violations].'" ARC v. Sinner, 942 F.2d at 1239, quoting Board of Educ. v. Dowell, 498 U.S. 237 (1991).

Early in this appeal, because the denial of Sheriff Murphy's motion to dissolve was plainly at odds with the PLRA, we stayed the relevant injunctive orders and asked the parties to address "how the district court's orders can be brought into compliance with 18 U.S.C. Sec. 3626." Citing § 3626(b)(1)(iii), the City argues that the district court's 1993 and 1994 injunctions may not be terminated until April 26, 1998, two years after the PLRA's effective date. We disagree. Section 3626(b)(2) expressly allows Sheriff Murphy to seek immediate termination of any prospective relief that was granted without the findings specified in that provision. Section 3626(b)(1) was enacted for a different purpose -- to authorize periodic new motions to terminate prospective relief that was initially based upon the proper findings.[3]

Sheriff Murphy argues that the district court's injunctions imposing technical probation violator caps and other population limits are "prisoner release orders" that must be dissolved unless a three-judge district court, on remand, makes the findings mandated by § 3626(b)(3). See §§ 3626(a)(3)(B) and 3626(g)(4). The City responds that proponents of prospective relief must be given an opportunity on remand to present evidence to a three-judge court supporting such relief. With the exception of the three-judge court issue, on which we defer final judgment, we agree with both parties.

The district court must consider on remand the Sheriff's motion to dissolve the technical probation violator cap, and the Sheriff's later motion to terminate all prospective relief in this litigation. Both are motions for immediate termination under § 3626(b)(2). The Sheriff must show that the challenged prospective relief, when granted, was not accompanied by the findings specified in § 3626(b)(2) -- "that the

_____

[3]"[The statute] provides that any party can seek to have a court decree ended after 2 years . . . . As a result, no longer will prison administration be turned over to Federal judges for the indefinite future . . . ." 141 Cong. Rec. S14419 (daily ed. Sept. 27, 1995) (statement of Sen. Abraham).

relief is narrrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  This § 3626(b)(2) inquiry is addressed to the district judge who granted the prospective relief in question, or to whom the case is now assigned.

If the court finds that any prospective relief was granted without the § 3626(b)(2) findings, then that relief must be terminated <u>unless</u> the court makes the findings specified in § 3626(b)(3) -- "that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right [of a particular plaintiff or plaintiffs], and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation."  At this point, we agree with the City that plaintiffs, who now face the termination of prospective relief, are entitled to seek new or extended prospective relief under the standards set forth in § 3626(a).  If the prospective relief sought by plaintiffs under § 3626(a) includes a prisoner release order, as defined in § 3626(g)(4), that order must be entered by a three-judge district court operating in accordance with 28 U.S.C. § 2284.  <u>See</u> § 3626(a)(3)(B).

What is less clear from the statute's text is whether the § 3626(b)(3) findings that will avoid termination of an existing injunction must in all cases be made by a three-judge court if the injunction includes a prisoner release order.  We think it likely that in most cases plaintiffs will argue for both § 3626(b)(3) findings and new or modified prospective relief under § 3626(a)(3) at the same time.  In that event, the district court should refer the prisoner release order aspects of both issues to a three-judge court, because it would be needlessly inefficient to have § 3626(b)(3) findings decided by a single district judge when overlapping or even identical § 3626(a)(3) issues must be referred to a three-judge court.  On the other hand, if plaintiffs do not seek § 3626(a)(3) affirmative relief, it may well promote judicial efficiency to have the § 3626(b)(3) findings made by the same single judge who must make the threshold findings under § 3626(b)(2).  With the statute ambiguous and the practical ramifications unclear, we

conclude that our best course of action is to leave the question of the proper interplay between § 3626(a)(3) and § 3626(b)(3) for initial decision by the district court.

## Conclusion.

The first three paragraphs of the district court's Order of December 6, 1996, are vacated, and the case is remanded for further proceedings not inconsistent with this opinion. The first sentence of this court's February 28, 1997, stay order will remain in effect until the district court disposes of all motions heretofore filed by Sheriff Murphy seeking the termination of prospective relief under 18 U.S.C. § 3626(b). The record on appeal suggests that the district court ignored this court's order of December 21, 1994, remanding for further consideration of then newly-enacted 18 U.S.C. § 3626. Now Congress has rewritten § 3626 in the PLRA, as recently amended. We expect the district court to comply with the statute as construed in this opinion as quickly as possible.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.