**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILBURN G. CAGLE; CALVIN RUUD
CARTER; PHILLIP G. PATTERSON;
CLARENCE MOORE; WILLIE M.
FARMER; ANTHONY CROWELL; JAMES
E. PREAST, JR.; STEPHEN J.
WASZKIEWICZ; KENNETH E. BROWN;
E. A. GOOCH; WILLIE T. POLK;
WILLIE W. BUTLER; BOBBY D. A.
SHEDD; DAVID SCHLICHER; FRED
WILLIAM JUDD; ROBERT ELWOOD
NILSEN; BERNARD JOHNSON; JOSPEH
H. BRATTEN; CLEVELAND J. DAVIS;
KEITH H. DUENO; DAVID A.
ETHERIDGE; DAVID L. GLOVER;
WILLIE J. ROBINSON; CECIL M.

SHELHORSE; MICHAEL D. WILKINS;
QUINTIN ORPIANO; GALE HOWARD
OLLIS; SAMUEL W. BINES; GRADY
OLIVER GRIGSBY, JR.;
Plaintiffs-Appellants,

v.

T. D. HUTTO; T. L. EDWARDS; J. G.
RUARK; ROBERT M. LANDON; A. T.
ROBINSON; E. STACY; J. L.
HOLLOWAY; FRED C. MALLORY; P. G.
WATSON, Lieutenant; J. C. BENTLY,
Lieutenant; J. L. HALSEY,
Lieutenant; R. M. MUNCY; EDWARD
E. GANGWAGER; DOCTOR BYRNE;
GENE JOHNSON; JOHN DALTON,

No. 98-6912

Governor; W. P. RODGERS;
DIRECTOR, VIRGINIA DEPARTMENT OF
HEALTH; RICHARD JESSUP, Doctor; R.
MANSON, Doctor; LOVATTA JARDIN,
Nurse; LEWIS B. CEI; E. I. KING;
JOHN M. KING; MARY WILSON; G.
COOK; E. G. DAVIS, Doctor;
HERBERT A. PARR; CHARLES K.
PRICE; C. HOY STEELE; TURNER N.
BURTON; W. L. WINGFIELD; ALTON
BASKERVILLE; R. SANFILIPPO, Major;
WALLACE R. STERLING; RICHARD
LESLIE DANBY; A. L. SMITH;
LIEUTENANT SMITH; J. P. JONES,
Doctor; SNOW WEBSTER; REVA
FAIRBURN; EDITH RICHMOND; PAUL V.
BROWN; OLLIE CHESTER; PRISCILLA
COPELAND; ED NOWELL; LARRY
BONDS,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-79-515-3-R)

Argued: April 6, 1999

Decided: May 28, 1999

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Chief Judge Wilkinson and Judge Hamilton joined.

2

**COUNSEL**

**ARGUED:** Karen Lee Starke, Thomas Marshall Wolf, MEZZULLO & MCCANDLISH, Richmond, Virginia, for Appellants. William W. Muse, Assistant Attorney General, Criminal Law Division, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** Mark L. Earley, Attorney General, Criminal Law Division, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

_____

**OPINION**

WILKINS, Circuit Judge:

A class of present and future inmates of the Powhatan Correctional Center in Virginia ("the Inmates") appeals an order of the district court terminating a consent decree pursuant to a provision of the Prison Litigation Reform Act (PLRA) of 1995. See 18 U.S.C.A. § 3626(b)(2) (West Supp. 1999). The Inmates raise various constitutional challenges to § 3626(b)(2). Additionally, they maintain that termination of the consent decree was improper under the terms of the statute; that the Commonwealth[1] has waived the right to seek termination of the consent decree; and that the district court was required to conduct an evidentiary hearing before terminating the decree. Concluding that none of these challenges has merit, we affirm.

I.

The Inmates instituted this action in 1979 pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998), alleging that various conditions at the Powhatan Correctional Center (PCC) violated the Constitution. The parties ultimately agreed to the terms of a consent decree, and the district court approved the decree in February 1981. The consent decree provided various forms of injunctive relief and contemplated contin-

_____

[1] Defendants in this action are various officials associated with the Powhatan Correctional Center. We will refer to Defendants collectively as "the Commonwealth."

3

ued supervision by the district court through the filing of periodic compliance reports. Subsequent to the enactment of the PLRA, the Commonwealth moved to terminate the consent decree pursuant to § 3626(b)(2). The Inmates opposed the motion to terminate, arguing that the provision was unconstitutional. Alternatively, they maintained that even if § 3626(b)(2) was constitutional, it did not mandate termination of the consent decree. Furthermore, they claimed that by voluntarily entering the consent decree the Commonwealth waived the right to seek termination pursuant to § 3626(b)(2). Finally, the Inmates claimed entitlement to an evidentiary hearing to determine whether continuation of the decree was necessary to remedy a current and ongoing violation of federal rights. See 18 U.S.C.A. § 3626(b)(3) (West Supp. 1999). The district court rejected each of these arguments and entered an order terminating the consent decree. The Inmates now appeal.

II.

The PLRA allows states to end their obligations under consent decrees addressing prison conditions:

> In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C.A. § 3626(b)(2). See generally Plyler v. Moore, 100 F.3d 365, 369 (4th Cir. 1996) (explaining purpose and operation of § 3626(b)(2)). The Inmates first contend that this provision is unconstitutional. More specifically, they claim that§ 3626(b)(2) violates the separation-of-powers doctrine (by requiring courts to reopen final judgments and by prescribing a rule of decision), the equal protection principles encompassed within the Fifth Amendment (by denying the Inmates the fundamental right of access to the courts), and the Due Process Clause of the Fifth Amendment (by depriving the Inmates of a property right in the consent decree without due process of law). We

4

previously rejected each of these arguments in <u>Plyler</u>, 100 F.3d at 370-75, and we have no authority to reconsider those conclusions here. <u>See Etheridge v. Norfolk & W. Ry. Co.</u>, 9 F.3d 1087, 1090 (4th Cir. 1993) (holding that "[a] decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court" (internal quotation marks omitted)). Even if we were permitted to disregard <u>Plyler</u> and review the Inmates' claims anew, our decision would remain the same. Indeed, we note that the overwhelming majority of the circuit courts of appeals have concluded that § 3626(b)(2) passes constitutional muster. <u>See Benjamin v. Jacobson</u>, 172 F.3d 144, ___, 1999 WL 188240, at *13-19 (2d Cir. Mar. 23, 1999) (en banc); <u>Imprisoned Citizens Union v. Ridge</u>, 169 F.3d 178, 183-89 (3d Cir. 1999); <u>Hadix v. Johnson</u>, 133 F.3d 940, 942-43 (6th Cir.) (per curiam), <u>cert. denied</u>, 118 S. Ct. 2368 (1998); <u>Dougan v. Singletary</u>, 129 F.3d 1424, 1426-27 (11th Cir. 1997) (per curiam), <u>cert. denied</u>, 118 S. Ct. 2375 (1998); <u>Gavin v. Branstad</u>, 122 F.3d 1081, 1085-92 (8th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 2374 (1998). <u>But see Taylor v. United States</u>, 143 F.3d 1178, 1181-85 (9th Cir.) (holding that § 3626(b)(2) violates separation-of-powers principles), <u>withdrawn, reh'g en banc granted</u>, 158 F.3d 1059 (9th Cir. 1998).

III.

The Inmates next raise two challenges to the application of § 3626(b)(2) in this case. We address these claims seriatim.

A.

The Inmates maintain that § 3626(b)(2) does not require termination of the consent decree because the record existing when the district court approved the agreement would have supported findings that the decree was narrowly drawn, extended no further than necessary to cure the violation of federal rights, and was the least intrusive means necessary to remedy the violation of federal rights. In making this argument, they note that the district court made tentative findings of constitutional violations in the context of a hearing on a motion for preliminary injunction. The Inmates claim that these findings establish the existence of violations of federal rights that the consent

5

decree was designed to remedy, rendering termination of the decree improper. They suggest that we remand for the district court to make post hoc findings regarding the decree.

We decline to do so. Even if the Inmates were correct that the preliminary finding of a constitutional violation--a finding that the district court explicitly noted was subject to change upon consideration of the evidence at trial--was sufficient to establish the need for prospective relief, it is undisputed that the district court never made the findings required by § 3626(b)(2). The mere fact that one or more unconstitutional conditions may have existed at PCC when the consent decree was entered does not establish that the relief contained within the consent decree was the minimum necessary to correct the violation of federal rights. And, the PLRA does not provide an avenue for district courts to make, post hoc and nunc pro tunc, the findings required by § 3626(b)(2) in order to avoid termination of a consent decree.

B.

The Inmates also maintain that the Commonwealth is prohibited from seeking termination of the consent decree because, in accepting the terms of the decree, it waived the right to findings of fact and conclusions of law regarding the Inmates' claims. This waiver, they contend, precludes the Commonwealth from obtaining termination of the decree on the basis that the district court failed to make the findings required by § 3626(b)(2).

This argument disregards the fundamental purpose of the PLRA, which was to remove the federal district courts from the business of supervising the day-to-day operation of state prisons. See Imprisoned Citizens Union, 169 F.3d at 189 (stating that Congress' intent in enacting the PLRA was "to minimize prison micro-management by federal courts and to conserve judicial resources"). The Inmates' proposed rule would subvert this purpose by rendering § 3626(b)(2) a virtual nullity. Accordingly, we conclude that the Commonwealth has not waived the right to seek termination of the consent decree.

IV.

Finally, the Inmates argue that they are entitled to an evidentiary hearing prior to termination of the consent decree. The PLRA prohib-

6

its a district court from terminating prospective relief if it "makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right." 18 U.S.C.A. § 3626(b)(3). Since findings made contemporaneously with the entry of a consent decree will not reflect conditions at the time of a motion to terminate, the Inmates claim that a hearing regarding the existence of present violations of federal law is a mandatory prerequisite to termination of a consent decree pursuant to § 3626(b)(2). We disagree.

The question of whether the PLRA mandates a pretermination evidentiary hearing is one of statutory construction. Accordingly, our analysis begins with the language of the statute. See Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997); Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.), 27 F.3d 980, 982 (4th Cir. 1994). The plain language of § 3626(b)(3) imposes no requirement that a district court conduct an evidentiary hearing in order to determine whether there is a current and ongoing violation of federal rights. See 18 U.S.C.A. § 3626(b)(3). The Inmates do not assert that the language of § 3626(b)(3) is ambiguous or that a literal reading of that language would be contrary to clearly expressed congressional intent, frustrate the purpose of the statute, or lead to an absurd result. See In re Maxway Corp., 27 F.3d at 982-83. Consequently, our interpretive task is complete, and we conclude that § 3626(b)(3) does not mandate a pretermination evidentiary hearing. But see Benjamin, 172 F.3d at ___, 1999 WL 188240, at *20 (interpreting "§§ 3626(b)(2) and (3), read together, to mean that, when the plaintiffs so request in response to a defendant's motion for termination, the district court must allow the plaintiffs an opportunity to show current and ongoing violations of their federal rights").

Even though a district court is not required to hold an evidentiary hearing in all cases, it nevertheless may do so in appropriate circumstances. Indeed, we have repeatedly acknowledged the broad discretion of district courts to hold necessary evidentiary hearings. See, e.g., United States v. Pridgen, 64 F.3d 147, 150 (4th Cir. 1995) (motion to reduce sentence pursuant to Fed. R. Crim. P. 35(b)); United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995) (motion for new trial). Accordingly, we hold that a district court may, in its discretion, conduct a pretermination evidentiary hearing to determine whether cur-

7

rent and ongoing violations of federal rights exist. At a minimum, however, a district court must hold such a hearing when the party opposing termination alleges specific facts which, if true, would amount to a current and ongoing constitutional violation. See United States v. Batiste, 868 F.2d 1089, 1091 (9th Cir. 1989) (explaining that "'[e]videntiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved'" (quoting United States v. Carrion, 463 F.2d 704, 706 (9th Cir. 1972)). Here, the district court did not abuse its discretion in denying the Inmates' request for an evidentiary hearing because the Inmates failed to allege any facts that would amount to a current and ongoing violation of federal rights.

V.

In sum, we reaffirm our conclusion in Plyler that 18 U.S.C.A. § 3626(b)(2) is not unconstitutional; we decline the Inmates' request that we remand for the district court to make post hoc findings as to which portions of the decree satisfy the requirements of § 3626(b)(2); we reject their contention that the Commonwealth waived the right to seek termination of the consent decree; and we hold that the plain language of § 3626(b)(3) does not mandate a pretermination evidentiary hearing. Additionally, we conclude that the district court did not abuse its discretion in refusing to conduct an evidentiary hearing prior to terminating the consent decree. Accordingly, we affirm.

AFFIRMED

8