# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3987

_____

Bruce Peter Hazen, by and through    *
Movant Chris LeGear    *
(Intervenor),    *
   *
        Plaintiff - Appellant,    *
   *
Thomas Wright, Walter Smith,    *
Dale Davis, Robert Lee Kern,    *
Willie Lloyd,    *
   *
        Plaintiffs,    *
   *
Albert W. Ware, Arthur Alan Poyner,    *
Rick Dean Foster, George Segler,    *
David Streets, Bryan Kirby Barrett,    *   Appeal from the United States
Jerry Mark, Bill Davis, Tim Florea,    *   District Court for the
Herbert Schnee,    *   Southern District of Iowa.
   *
        Intervenor - Plaintiffs,    *
   *
      v.    *
   *
Michael V. Reagen, as Commissioner    *
of Social Services of State of IA;    *
David Scurr, as Warden of ISP;    *
Leonard Graves,    *
   *
        Defendants - Appellees,    *
   *
United States of America,    *
   *

Intervenor Defendant - Appellee,  \*

------------------------  \*

                         \*

David Dee, by and through Movant  \*
Shawn Shelton (Intervenor),  \*

                         \*

          Plaintiff - Appellant,  \*

                         \*

Robert Lee Kern,  \*

                         \*

          Plaintiff,  \*

                         \*

      v.  \*

                         \*

Lou V. Brewer, as the warden at ISP;  \*
Louis Galloway; Donald Lynch;  \*
James Pezley,  \*

                         \*

          Defendants - Appellees,  \*

                         \*

Robert Bartholomew, John Emmett,  \*
Gerardo Acevedo,  \*

                         \*

          Respondents - Appellees.  \*

_____

Submitted:  February 14, 2000
Filed:  March 31, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

BOWMAN, Circuit Judge.

Iowa prison officials moved to terminate consent decrees that had regulated prison conditions for nearly twenty years. The Prison Litigation Reform Act (PLRA) entitles the officials to termination of prospective relief, such as the consent decrees, two years after the relief is granted, unless (1) the court granting prospective relief made certain findings, including a finding that the relief "extends no further than necessary" to correct a violation of a federal right, or (2) the court considering termination of prospective relief makes certain findings, including a finding that the relief is necessary to correct a "current and ongoing" violation of a federal right. 18 U.S.C. § 3626(b)(2), (3) (Supp. IV 1998). The District Court[1] terminated the consent decrees and Iowa inmates, who assert they are beneficiaries of the decrees, appeal.

The District Court concluded that the consent decrees were not accompanied by the findings required by the PLRA. The inmates do not contest this conclusion. The District Court also determined that the consent decrees are not necessary to correct any ongoing violation of a federal right. The inmates do not contest this conclusion either. Instead, the inmates argue that the PLRA's termination provisions are unconstitutional, a contention this Court has already rejected. See Gavin v. Branstad 122 F.3d 1081, 1085-92 (8th Cir. 1997) (addressing separation of powers, equal protection, and due process claims), cert. denied, 524 U.S. 955 (1998); see also Tyler v. Murphy, 135 F.3d 594, 597 (8th Cir.1998) (concluding that PLRA does not prevent courts from remedying constitutional violations). The inmates ask us to reconsider Gavin and Tyler, an act that would be beyond our power; in this Circuit, one panel may not overrule another. See United States v. Ortega, 150 F.3d 937, 947 (8th Cir. 1998), cert. denied, 119 S. Ct. 837 (1999).

The inmates assert one argument not addressed by Gavin or Tyler, namely that the District Court erred in terminating the consent decrees because the decrees are

---

[1]The Honorable Charles R. Wolle, United States District Court for the Southern District of Iowa.

enforceable in state court as private contracts. We believe this argument must be rejected for the same reasons that the Second Circuit has rejected a similar argument. See Benjamin v. Jacobson, 172 F.3d 144, 156-58 (2d Cir.) (en banc), cert. denied, 120 S. Ct. 72 (1999). "We do not see any basis for inferring that Congress meant federal consent decrees that are not based on [the required PLRA findings] to remain in effect and amenable to enforcement in state courts." Id. at 156.

In reaching its conclusion, the Second Circuit carefully distinguished between consent decrees, which are enforceable through the supervising court's exercise of its contempt powers, and private settlements, enforceable only through a new action for breach of contract. See id. at 157. In addition, our sister circuit pointed out that the PLRA defines a consent decree as relief "entered by the court," 18 U.S.C. § 3626(g)(1), whereas the PLRA defines a private settlement agreement as relief that is "not subject to judicial enforcement," id. § 3626(g)(6), and thus not subject to the court's contempt power. See Benjamin, 172 F.3d at 157. Accordingly, "it appears that Congress sought to make the Act's concepts of consent decrees and private settlements mutually exclusive." Id. at 157. Indeed, the PLRA specifies that inmates may seek state law remedies "in [s]tate court," 18 U.S.C. § 3626(c)(2)(B), for breach of a private settlement agreement, but the PLRA does not contain any language that even hints that federal consent decrees can be enforced in state court as private settlement agreements. See Benjamin, 122 F.3d at 158. Finally, the Second Circuit observed that "it would seem anomalous for Congress simply to transfer judicial enforcement of unnecessary relief from one forum to another." Id.

We entirely agree with the Second Circuit's reasoning and adopt it as our own. We therefore hold that the PLRA prohibits the state-court enforcement, on a contract theory or otherwise, of federal consent decrees that do not meet the PLRA standards. The inmates assert, however, that Congress overstepped its constitutional power in so constructing the PLRA, since it is not within Congress's power to tell the states what may be enforced as a contract in the states' own courts and what may not be so

enforced.  Though this assertion might have validity in other contexts, here we must reject it.  The Supremacy Clause unmistakably gives Congress the power to limit the enforcement of federal rights to federal court.  See Tafflin v. Levitt, 493 U.S. 455, 458-60 (1990).  Whatever rights a federal consent decree in a prison-conditions case may create are indisputably federal rights, having resulted from a suit alleging violations of the federal Constitution.  Necessarily included within the broad power of Congress to remove state-court  jurisdiction altogether with respect to federal rights is the considerably narrower power to remove state-court jurisdiction to enforce federal consent decrees that are subject to termination under the PLRA.

For the reasons stated, the decision of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.