Charles Reno MARTIN, Steven R. Wycoff, and Glendale More, Jr., Plaintiffs,

v.

Nolan ELLANDSON, and Lou V. Brewer, Defendants,

United States of America, Intervenor.

No. 4–73–cv–10229.

United States District Court, S.D. Iowa, Central Division.

Oct. 16, 2000.

Barbara A. Schwartz, John B. Whiston, University of Iowa, Iowa City, IA, for plaintiffs.

Gordon E. Allen, Des Moines, IA, for defendants.

Vincent M. Garvey, Washington, DC, for United States.

## ORDER ADOPTING REPORT AND RECOMMENDATION

LONGSTAFF, District Judge.

This is an action brought by an inmate pro se under 42 U.S.C. § 1983. The case was referred to the Honorable Celeste F. Brewer, United States Magistrate Judge for the Southern District of Iowa, pursuant to 28 U.S.C. § 636(b)(1)(B), for further proceedings and submission of recommendations for disposition. Judge Bremer recommended dismissing plaintiff's case for failure to prosecute and informed the parties that any objections must be filed no later than October 5, 2000. To date, no objections or requests for an extension of time to file objections have been filed.

When a magistrate judge submits a report and recommendation,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1).

After making the required de novo review of the record, the court adopts the Report and Recommendation. Defendants' Motion for Termination of Relief is granted. The orders filed January 25 and August 15, 1974 granting prospective relief is terminated.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION REGARDING TERMINATING CONSENT DECREE

BREMER, United States Magistrate Judge.

The court has before it Defendants' Motion for Termination of Relief, (Clerk's No. 69), filed February 23, 1999. Plaintiffs filed a Brief in Support of Resistance to Motion to Terminate on May 3, 1999. On November 16, 1999, the court granted the United States' Motion to Intervene to defend against Plaintiffs' challenge to the constitutionality of provisions for immediate termination of prospective relief under the Prison Litigation Reform Act of 1995 (PLRA), codified at 18 U.S.C. § 3626(b)(2). The United States filed its brief on March 13, 2000.

This matter was referred to the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, for report and recommendation under 28 U.S.C. § 636(b)(1)(B). The court heard oral arguments on Defendants' Motion on March 16, 2000. This matter is fully submitted.

## I. BACKGROUND

On September 28, 1973, Charles Martin, an inmate at Iowa State Penitentiary (ISP), Fort Madison, Iowa, filed a complaint under 42 U.S.C. § 1983, alleging Defendants denied him access to the courts, in violation of the First and Fourteenth Amendments. Specifically, Martin alleged that ISP officials provided no legal assistants to help indigent inmates with their legal work. Martin also alleged the prison's library contained inadequate legal materials, and described those materials as follows:

7. The prison law library ... consisting mainly of random and scattered volumes of different reports which have been donated by Drake University, and various books donated at random, most of which are completely outdated and useless for the purpose of prepareing [sic] legal papers of a nature required by prison inmates.

8. There is no way to research a case as there is no legal encyclopedia such as Corpus Jurisdiction Secondum; no U.S.C.A.; no Modern Federal Practice Digest and no periodicals as U.S. Law Week.

(Compl. at 3.) In its January 25, 1974, Order, the court determined the legal assistance and material available to ISP inmates were inadequate as a matter of law to protect indigent inmates' constitutional right to access to the courts. (Order of 1/25/74, at 2–3.) The court declined to express "an opinion as to what may constitute a satisfactory legal library." *Id.* at 2. The court ordered Defendants to submit a comprehensive plan to ensure indigent ISP inmates constitutionally adequate access to the courts. "Such a plan may provide for an upgrading of the legal materials to which prisoners at the institution have access; for the provision, at state expense, of professional or paraprofessional legal counsel and assistance for indigent prisoners; or for elements of both." *Id* at 14.

On May 6, 1974, Defendants submitted the required plan. The plan included providing legal services funded by a six-month grant from the Iowa Crime Commission; coordinating those services with existing legal aid services; continuing "jailhouse lawyer" services; and buying certain legal materials, including the Iowa Digest, and Shepard's Iowa (Northwestern) Citations. (Defs.' Plan Legal Servs. to Inmates at 1–7.) ISP had already bought, since the lawsuit was filed, several materials, including volumes of United States Code Annotated, *Northwestern Reporter, U.S. Supreme Court Reporter, Modern Federal Practice Digest,* and *Moore's Federal Practice. Id.* at 7.

Plaintiffs resisted the plan. On August 15, 1974, the court entered an order modifying portions of the plan and retaining jurisdiction for continued supervision of the plan and Defendants' compliance. (Order of 8/15/74.) Specifically, the court

found that the plan for legal services, including the temporary grant for legal services, was sufficient for the next six months, but would be evaluated in the future, and plans for a permanent program would be drafted on the basis of the experience. *Id.* at 2. The court stated the library facilities "will be a necessity until adequate legal services are provided." *Id.* at 4. In the meantime, the court stated, the library proposed was still constitutionally deficient, and Defendants had to provide access to the following legal resources:

(1) The United States Code Annotated, Title 28 Sections 2241–55.

(2) Federal Reporter 2nd Series from 1960 to present.

(3) Federal Supplement from 1960 to present.

(4) Local Rules of the Federal District Court.

(5) Shepard's United States Citations.

(6) Shepard's Federal Citations.

*Id.* at 4.

On July 22, 1975, after funds for the legal services program had run out, and no new application for funds had been made, the court ordered the defendants to submit a progress report or revised plan. (Order of 7/22/75.) "Obviously, it is not constitutionally required that the State continue to operate the same legal services program. What is required is some program which will effectuate this Court's Order of January 25, 1974." *Id.* Defendants informed the court that they had applied for another grant from the Iowa Crime Commission, and that approval was expected shortly. (Progress Rep. of 9/2/75.) The grant would "basically continue the former legal services program, providing local attorneys for inmates and updating the law library." *Id.*

On June 21, 1978, the court removed this action from the record of pending cases, reserving the "right and leave of any party to reinstate should further proceedings become necessary or desirable." (Order of 6/21/78.) The court retained jurisdiction for the supervision of compliance efforts. *Id.*

On April 26, 1996, the President signed the PLRA into law. Section 3626 of the PLRA, governs remedies in civil actions with respect to prison conditions, and provides for immediate termination of prospective relief:

(2) Immediate termination of prospective relief.—In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, Plaintiffs' right of access to the courts extends no further than necessary to correct the violation of the Federal right [of a particular plaintiff or plaintiffs], and is the least intrusive means necessary to correct the violation of the Federal right.

(3) Limitation.—Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current or ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C.A. § 3626(b)(2), (3). Congress provided that § 3626 applies to all prospective relief. *Gavin v. Branstad,* 122 F.3d 1081, 1084 (8th Cir.1997) (citing 18 U.S.C.A. § 3626(b)(2), (3)).

In February 1999, the Iowa Department of Corrections (IDOC) instituted a policy of ceasing to update the legal libraries system-wide and of contracting with the Iowa Public Defender's Office for the provision of legal services at state prisons. (Pls.' Brf. Support Res. Mot. Term. at 3.)

On February 22, 1999, Defendants moved in this case for termination of prospective relief under the PLRA's

§ 3626(b)(2). Plaintiffs timely filed a resistance, in which they alleged prospective relief should not be terminated for the following reasons: (1) The court's orders of January 25 and August 15, 1974, contained the findings required under the PLRA; (2) the PLRA's termination provisions under § 3626 are unconstitutional; and (3) prospective relief remains necessary to remedy current and ongoing violations of the right of access to the courts. (Pls.' Res. Mot. Term. at 1.)

On March 15, 2000, Plaintiffs withdrew their claim that § 3626 cannot be constitutionally applied to terminate relief under the PLRA, citing *Watson v. Ray*, 192 F.3d 1153 (8th Cir.1999). (Pls.' Resp. Mem. of U.S. at 1.)[1] Plaintiffs, however, continue to allege that "the current legal library policies" of Defendants unconstitutionally interfere with inmates' First Amendment rights of access to the courts. *Id.*

The court ordered Plaintiffs to file a Statement of Claims setting forth "with particularity the current or ongoing Federal right which they allege is presently violated." (Order on Hr'g, 3/16/00, at 1.) In their Statement, Plaintiffs contend that since January 1, 1999, ISP has stopped updating all but two legal resources—the Iowa Code and the Iowa Administrative Code—identified in the August 15, 1974, Order, and that instead of updating the library's legal resources, ISP has contracted with the Iowa Public Defenders to provide legal services to inmates. (Statement of Claims at 1.) The problem with this policy, Plaintiffs argue, is that the Iowa Public Defenders Office cannot adequately provide proper legal assistance for all ISP's inmates, and therefore, absent an adequate legal library, inmates suffer "actual or imminent harm," and are thus deprived of meaningful access to the courts.

*Id.* Plaintiffs claim an inmate, Irvin Johnson, "suffered actual harm when his habeas relief was dismissed due to the current IDOC policy of not updating prison law library materials and not providing adequate counsel assistance." (Pls.' Resp. Mot. More Definite Statement at 1.)[2] Plaintiffs have not identified the habeas action or supplied any factual information about the action or why it was dismissed.

## II. DISCUSSION

In determining whether to terminate prospective relief, the court must first find whether the prospective relief was approved or granted without the § 3626(b)(2) findings, "that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C.A. § 3626(b)(2); *Tyler v. Murphy*, 135 F.3d 594, 598 (8th Cir.1998). If so, the relief must be terminated unless the court makes the § 3626(b)(3) findings: "that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right [of a particular plaintiff or plaintiffs], and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." *Tyler*, 135 F.3d at 598 (insertion in original).

### A. *Immediate Termination*

■ Defendants argue the prospective relief should be terminated immediately because the district court did not make the required § 3626(b)(2) findings in granting prospective relief in its Orders filed January 25 and August 15, 1974.

---

1. Plaintiffs have apparently also withdrawn their claim that prospective relief should not be terminated on the basis that the court's Orders of January 25 and August 15, 1974, contained the findings required under § 3626(b)(2). (*See* Pls.' Resp. Mem. of U.S. at 1.)

2. Plaintiffs also assert that IDOC's policy was changed partly in retaliation for ISP inmates' litigation activities. (Pl.'s Resp. Mot. More Definite Statement at 1.) To the extent Plaintiffs are asserting a retaliation claim, they must bring the claim in a separate lawsuit.

After carefully reviewing the January 25 and August 15, 1974, Orders, the court finds the consent decree was entered "in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* § 3626(b)(2). Prospective relief, therefore, must be terminated immediately unless the court makes the written findings outlined in § 3626(b)(3).

### B. *Section 3626(b)(3) Limitation*

Plaintiffs request "the hearing contemplated by section 3626(b)(3)," presumably an evidentiary hearing to show current and ongoing violations of their right of access to the courts. (Pls.' Brf. Support Res. Mot. Term. at 8.) Defendants contend that Plaintiffs' allegations of a current, ongoing violation are insufficient to warrant an evidentiary hearing. As an initial matter, the court must decide whether Plaintiffs are entitled to an evidentiary hearing. The Eighth Circuit has not yet addressed the issue. For guidance, the court has surveyed decisions by other circuits' appellate courts.

■ When a party opposing termination of prospective relief requests an evidentiary hearing after alleging specific facts that, if true, would amount to a current and ongoing constitutional violation, the court must hold such a hearing. *Cagle v. Hutto*, 177 F.3d 253, 257–58 (4th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 2723, 147 L.Ed.2d 987 (2000) (holding district court has discretion to conduct evidentiary hearing, although court must hold hearing "when the party opposing termination alleges specific facts which, if true, would amount to a current and ongoing constitutional violation"); *cf. Gilmore v. California*, 220 F.3d 987, 1010 (9th Cir. 2000) (reversing district court's refusal to hold evidentiary hearing under § 3626(b)(3), where plaintiffs claimed new policy directing prison library staff to stop renewing books would impede inmates' access to the courts; holding court must do more than examine existing record for "findings," but had to take evidence on current circumstances at prison as plaintiffs requested).

■ When, however, the party opposing termination fails to allege specific facts that, if true, would amount to a current and ongoing constitutional violation, the district court may deny the party's request for an evidentiary hearing. *Cagle,* 177 F.3d at 258 (holding district court did not abuse its discretion in denying inmates' request for evidentiary hearing, where inmates failed to allege any facts that would amount to current, ongoing constitutional violation; holding § 3626(b)(3)'s plain language imposes no requirement that district courts conduct evidentiary hearings) (citing *United States v. Batiste*, 868 F.2d 1089, 1091 (9th Cir.1989) (evidentiary hearings "need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved") (internal quotations and citations omitted)). *But cf. Benjamin v. Jacobson*, 172 F.3d 144, 154, 165 (2d Cir.) (en banc) (reversing district court's denial of plaintiffs' request for evidentiary hearing on need for continuation of prospective relief, including provisions for law libraries and legal assistance; interpreting §§ 3626(b)(2) and (3) to mean district court must grant plaintiffs' request for opportunity to show current, ongoing violations of federal rights when defendants move for termination of prospective relief; evidence on record concerning conditions before termination was sought could not show violation was "current and ongoing," as § 3626(b)(3) requires), *cert. denied,* 528 U.S. 824, 120 S.Ct. 72, 145 L.Ed.2d 61 (1999), *foll'd on other grounds by Hazen ex rel. LeGear v. Reagen*, 208 F.3d 697, 698 (8th Cir.2000), *and cited on other grounds by Miller v. French*, 530 U.S. 327, 120 S.Ct. 2246, 2259, 147 L.Ed.2d 326 (2000);

*accord Loyd v. Alabama Dep't Corrections,* 176 F.3d 1336, 1342 (11th Cir.) (following *Benjamin* and holding district court abused its discretion in denying evidentiary hearing concerning current conditions at prison and scope of prospective relief Attorney General sought to terminate; although court-appointed monitor provided 11 reports, the most recent two months before the motion to terminate, evidentiary hearing was required to let inmates challenge or supplement monitor's findings and present evidence), *cert. denied,* 528 U.S. 1061, 120 S.Ct. 613, 145 L.Ed.2d 509 (1999).[3]

The court finds that reasoning in *Cagle* persuasive, and believes the Eighth Circuit would hold that a district court need not hold an evidentiary hearing under § 3626(b)(3), when the party opposing termination does not allege "specific facts which, if true, would amount to a current and ongoing constitutional violation." *Cagle,* 177 F.3d at 258; *cf. Watson,* 192 F.3d at 1158 (holding district court did not abuse its discretion in denying inmates discovery under § 3626(b)(3) and relying on evidence in the record—including recent reports and evidence from modification hearing within few months of when motion to terminate was filed—when inmates at oral argument did not produce any evidence to support finding that "looming threat of potential overcrowding" constituted "current and ongoing violation"); *Cody v. Hillard,* 139 F.3d 1197, 1200 (8th Cir.1998) (directing district court on remand, in non-PLRA consent-decree case, to either conduct pretermination evidentiary hearing or articulate rationale as to why such a hearing was superfluous; "the necessity of a hearing depends on whether there are disputed factual issues").

---

**3.** In support of its holding, the *Loyd* court cited *Tyler v. Murphy,* 135 F.3d 594, 597–98 (8th Cir.1998) (holding that on remand, district court must give proponents of prospective relief opportunity to present evidence). *Loyd,* 176 F.3d at 1342. *Tyler,* however, does not mandate an evidentiary hearing under all

The court finds that a district court may deny a plaintiff's request for an evidentiary hearing to determine if current and ongoing violations of federal rights exist under § 3626(b)(3), when the plaintiff does not allege specific facts that, if true, would constitute a current and ongoing constitutional violation. *See Cagle,* 177 F.3d at 258. Accordingly, the court next considers whether Plaintiffs have alleged such specific facts.

■ To establish a current constitutional violation, Plaintiffs must demonstrate an actual injury. *Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Sabers v. Delano,* 100 F.3d 82, 84 (8th Cir.1996). Inmates do not have legal rights to legal and library services; rather, such services constitute the means for ensuring inmates have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis,* 518 U.S. at 351, 116 S.Ct. 2174 (quoting *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). An inmate cannot establish a "relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* To prevail on a constitutional claim, an inmate must show the inadequacy of the legal or library services hindered the inmate's ability to access the courts. *Id.*

Evidence that prison "officials are poised to resume" unconstitutional behavior is insufficient to prevent termination of prospective relief. *Gilmore,* 220 F.3d at 1009 (citing *Joint Explanatory Statement of the Committee of Conference,* Conf. Report No. 105–405, 105th Cong., 1st Sess., 143 Cong. Rec. H10809–01, H10844–45 (1997)). If "an unlawful practice resumes

circumstances. The *Tyler* court did not address the circumstances requiring an evidentiary hearing, and the case contained no issue regarding whether inmates had failed to allege any facts that would amount to a current and ongoing violation of federal rights.

or if a prisoner is in imminent danger of a constitutional violation, the prisoner has prompt and complete remedies through a new action filed in State or Federal court and preliminary injunctive relief." *Id.*

Here, Plaintiffs have not alleged specific facts showing that ISP's legal and library services actually impaired their ability to access the courts. Plaintiffs' claim of imminent danger of a constitutional violation is insufficient. *See Gilmore,* 220 F.3d at 1009. Although Plaintiffs allege Irvin suffered actual harm when his habeas corpus action was dismissed "due to the current IDOC policy of not updating prison law library materials and not providing adequate counsel assistance," Plaintiffs do not allege any factual basis for this claim. Specifically, Plaintiffs do not state in which court or when the habeas action was dismissed, the grounds Johnson asserted for habeas relief, the court's basis for dismissal, the nature of the alleged inadequacy in library materials and counsel's assistance, or the causal connection between the alleged inadequacy and the habeas dismissal. Plaintiffs have not alleged specific facts that, if true, would constitute a current and ongoing constitutional violation. *See Cagle,* 177 F.3d at 258. Further, Plaintiffs had an opportunity to show current and ongoing violations of their federal rights, *see Benjamin,* 172 F.3d at 165, by submitting evidence with their Response to Motion for More Definite Statement, when the court stated it would consider Defendants' Response to Plaintiffs' Statement of Claims to be a motion for summary judgment. (Order on Hr'g, 5/19/00.) Under these circumstances, the court finds an evidentiary hearing is unnecessary.

■ The court next analyzes whether relief must not be terminated because, under § 3626(b)(3), the court finds that prospective relief (1) remains necessary to correct a current and ongoing violation of Plaintiffs' right to access to the courts, (2) extends no further than necessary to correct the violation of the Plaintiffs' right, and (3) is narrowly drawn and the least

intrusive means to correct the violation. *See Tyler,* 135 F.3d at 598. As discussed above, Plaintiffs have not adequately alleged or demonstrated an actual injury, which is required to establish a current constitutional violation. While Plaintiffs may be inconvenienced through the loss of future updated materials, the purpose of the consent decree is to ensure access to the courts. The ISP library continues to update the Iowa Code and Iowa Administrative Code, and legal services are available to inmates through the Iowa Public Defender's Office. Although Plaintiffs claim Defendants are engaging in current and ongoing violations of the consent decree, Plaintiffs' mere allegations are insufficient and may not delay the termination of the consent decree. Plaintiffs may assert new, nonfrivolous claims in a separate action under 42 U.S.C. § 1983.

Because the materials presented to the court by Plaintiffs in support of their resistance to the Defendants' Motion fail to demonstrate any current and ongoing violations of Plaintiffs' right of access to the courts, the court finds no prospective relief remains necessary.

### III. RECOMMENDATION AND ORDER

The court finds under § 3626(b)(2) that the prospective relief at issue was not narrowly drawn, it extends further than necessary, and it is not the least intrusive means necessary to correct the violation of Plaintiffs' right of access to the courts. Although Plaintiffs allege that IDOC's policy of ceasing to update the legal libraries system-wide and of contracting with the State of Iowa Public Defender's Office for the provision of legal services has caused, or threatens to cause, current and ongoing violations of their right of access to the courts, Plaintiffs have not alleged specific facts demonstrating that ISP's legal and library services actually impaired their ability to access the courts. The court does not find under § 3626(b)(3) that prospective relief (1) remains necessary to

correct a current and ongoing violation of Plaintiffs' right to access to the courts, (2) extends no further than necessary to correct the violation of the Plaintiffs' right, and (3) is narrowly drawn and the least intrusive means to correct the violation. Defendants' Motion for Termination of Relief, (Clerk's No. 69), should therefore be granted.

IT IS RESPECTFULLY RECOMMENDED, under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion for Termination of Relief, (Clerk's No. 69) should be **granted**, and the prospective relief granted in the Orders filed January 25 and August 15, 1974, should be **terminated**.

IT IS ORDERED that the parties have until October 5, 2000, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir.1990); *Wade for Robinson v. Callahan,* 976 F.Supp. 1269, 1276 (E.D.Mo. 1997). The Court will freely grant such extensions. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed.R.Civ.P. 72; *Thompson,* 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir.1994); *Halpin v. Shalala,* 999 F.2d 342, 345 & n. 1, 346 (8th Cir.1993); *Thompson,* 897 F.2d at 357.

IT IS SO ORDERED.

Sept. 15, 2000.