**INMATE 24394 et al., Plaintiffs,**

v.

**Kenneth SCHOEN, Commissioner of Corrections, et al., Defendants.**

**No. 3–72 Civ. 73.**

United States District Court,
D. Minnesota,
Third Division.

Sept. 10, 1973.

Legal Assistant to Minnesota Prisoners by Melvin B. Goldberg, Minneapolis, Minn., for plaintiffs.

Warren R. Spannaus, Atty. Gen., State of Minnesota by William H. Kuretsky, Sp. Asst. Atty. Gen., for defendants.

ORDER

NEVILLE, District Judge.

This matter having come before the Court by the agreement of the parties, and it appearing that the Court has jurisdiction over the parties and the subject matter, this Court makes the following

FINDINGS OF FACT:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiffs are proper representatives of the class of inmates incarcerated in the Minnesota State Prison at Stillwater and the Minnesota State Reformatory for Men at St. Cloud, and have been adequately represented by counsel; and

2. The parties have by stipulation reached agreement on those allegations of the complaint dealing with disciplinary procedures.

It is hereby ordered, adjudged and decreed that:

1. All damage claims pending against Defendants Schoen, McManus, and McRae arising out of disciplinary procedures in the above-entitled matter are hereby dismissed with prejudice;

2. The procedures set forth below shall be implemented by the Defendants at the Minnesota State Prison at Stillwater by October 15, 1973, and at the Minnesota State Reformatory for Men at St. Cloud by November 1, 1973;

3. Prior to the implementation of this Order, the criteria and procedures referred to herein shall be filed with this Court and shall be incorporated herein as a part of this Order; and

4. The entry of this Order shall not in any way be construed to mean that prior disciplinary proceedings conducted by the Defendants, their predecessors or agents violated due process of law.

PROCEDURES FOR DISCIPLINARY PROCEEDINGS AT MINNESOTA STATE PRISON AND MINNESOTA STATE REFORMATORY FOR MEN

I. *Inmate's Rights to Disciplinary Hearing.*

Any inmate incarcerated at the Minnesota State Prison or the Minnesota State Reformatory for Men and

accused of violating a rule of the institution is entitled to a full hearing before the institution's disciplinary board before any disciplinary action can be taken.

II. *Definition.*

A. For the purposes of this Order the following words, terms and phrases shall have the meanings given them in this section, unless another intention clearly appears.

1. "Disciplinary Board": One or more impartial persons convened as a panel to hear the facts, arrive at a determination of guilt or innocence, and impose a sentence on an inmate accused of an institutional rule violation. Under no circumstances may this panel include any of the following individuals:

    a. The staff member who filed the complaint.

    b. The staff member who investigated the alleged violation.

    c. · Any person, whether or not called as a witness, who was an eyewitness to the alleged violation.

    d. Any person who shall subsequently review the proceedings for the purpose of appeal.

2. "Warden or His Designee": Includes the warden or superintendent of the institution, the associate wardens or superintendents and the person in charge of the institution at any point in time, including the ranking custodial officer.

3. "Mentally Retarded Inmate": An inmate scoring in the bottom 3% of the general over-all population on standardized tests global intelligence (i. e., tests which attempt to measure vocabulary, memory, reasoning, judgment and visual-motor functions).

III. *Notice.*

A. Written notice shall be given to the accused inmate as soon as possible, but not later than five days after the inmate has been charged with a rules violation; or in the event that an inmate is being detained prior to his disciplinary hearing, written notice shall be given to him within 24 hours of his detention. This notice shall consist of two portions —"Part A" and "Part B." "Part A" shall include:

1. A verbatim statement of the prison rule allegedly violated.

2. A summary of the facts upon which the alleged violation is based.

3. A list of witnesses adverse to the inmate and a brief statement of their testimony.

4. A list of physical evidence that will be introduced by the institution's staff.

5. A declaration of the maximum penalty for such a violation.

6. A statement of the date and time of the inmate's hearing before the disciplinary board.

7. A recitation of all rights that an inmate will have before the disciplinary board as set forth herein.

8. An optional statement that will inform the inmate of the sentence he will receive should he decide to plead guilty and thereby waive his hearing and all due process rights. This provision for pre-hearing pleas is strictly optional with the Department of Corrections.

B. "Part B" of this notice shall be designed in such a way that it may be easily separated from "Part A" and returned to the institution's staff at the option of the accused inmate. "Part B" shall include:

1. A form on which the inmate may list the names of witnesses he wishes to have present at his hearing, a brief statement of their testimony, and such evidence as he deems material.

2. A provision whereby the accused inmate may waive his rights and plead guilty to the charge.

3. A space in which the accused inmate may make any additional statements or include any further information which might assist the institution's staff in its investigation.

C. The notice is to be personally delivered to the accused inmate, at which time he will be informed that he has 24 hours to complete and return "Part B."

1. At the time of delivery of the notice to the accused inmate, he will be asked to sign a receipt that will be returned to the disciplinary board. Should the inmate refuse to sign the receipt, a statement to that effect shall be recorded and signed by the staff member serving the notice upon the accused inmate and such record shall be delivered to the disciplinary board.

2. In the event that an inmate does not return "Part B" of the notice within 24 hours, a staff member shall return to the inmate and request the return of said part.

3. When the accused inmate returns "Part B," the staff member shall sign "Part A" acknowledging receipt of that delivery. "Part A" should be retained by the accused inmate for his records. An inmate's refusal to return "Part B" shall be recorded in a statement signed by the staff member requesting the return, and such record shall be delivered to the disciplinary board.

4. If the accused inmate returns "Part B" but fails to request the presence of the listed adverse witnesses at his hearing, he will be afforded a full disciplinary hearing but will forfeit his right to have the adverse witnesses appear. Similarly, if the accused inmate fails to list the names of witnesses he desires to have testify on his own behalf, he will forfeit his right to have them appear at his hearing. And should he refuse to return "Part B" altogether, he will be considered to have waived his rights to have both adverse and defense witnesses appear at his hearing. These forfeitures by the accused inmate do not preclude the disciplinary board from calling the witnesses where deemed to be in the interest of fairness and justice.

D. The institution may amend "Part A" and the accused inmate may amend "Part B" of the notice prior to the disciplinary hearing. All amendments shall be in writing and shall be effective upon delivery. An amendment made by the institution within 24 hours of the scheduled hearing shall entitle the inmate, upon his written request, to a postponement of his hearing for 24 hours.

E. The written notice shall include all known charges arising out of the same transaction or occurrence.

IV. *Schedule of Hearings.*

Hearings will be scheduled no sooner than 4 days after delivery of the notice to the accused inmate, unless the date is advanced by agreement of both the inmate and the disciplinary board. In those instances where the inmate is held in pre-hearing detention, the hearing must be held within 4 days of delivery of the notice.

V. *Continuances.*

An accused inmate who has received written notice of his alleged rule violation, may, upon a showing of good cause, request a continuance of his hearing. Such a request must be received by the disciplinary board no later than 24 hours prior to the scheduled hearing. The institution shall establish a procedure for collecting such requests and conveying them to the disciplinary board. The disciplinary board impaneled at the time such a re-

quest is received, or a designated member thereof, shall have the power to grant or deny the continuance. All requests for a continuance or advanced hearing shall be in writing, on forms provided by the institution, which will be simple in nature and design. The grant or denial of such request shall be made in writing on this form and signed by the maker thereof with a copy given to the inmate.

VI. *Pre-Hearing Detention.*

A. Accused inmates are entitled to remain at their existing status, prior to a disciplinary hearing, except under the specific circumstances set forth in pre-hearing detention procedures established by each institution.

B. The warden or his designee shall determine whether the charge and circumstances warrant pre-hearing detention of the inmate.

C. Within 24 hours of an inmate's detention, the warden or his designee must review the detention order and make a determination, to be recorded in writing, as to whether continued detention is required. Failure to review the order within 24 hours shall automatically return the inmate to his prior status with the reinstatement of all prior privileges.

D. Time spent in pre-hearing detention shall be credited against any subsequent sentence imposed.

E. Detention of the accused inmate prior to his disciplinary hearing shall in no way abridge his right to written notice or the right to counsel or counsel substitute.

VII. *Disciplinary Hearing Procedures.*

A. The accused inmate shall have the right to appear personally and be heard.

B. The accused inmate shall have the right to confront and cross-examine all adverse witnesses, either in person or through his counsel or counsel substitute, unless he has chosen to waive this right. If an adverse witness is not required to appear at the hearing, the written statement of that witness, which appears in "Part A" of the notice, may be accepted as that witness's testimony.

C. The accused inmate shall have the right, unless waived, to introduce 3 witnesses on his own behalf and may request additional witnesses. An adverse witness listed in "Part A" of the notice shall not be counted as one of these 3 witnesses. The disciplinary board has absolute discretion to call additional witnesses where it deems it necessary and in the best interest of justice.

D. The accused inmate has the right to be represented by counsel or counsel substitute. This right extends to all hearings before the disciplinary board, to the preparation of "Part B" of the notice, to any subsequent filings and notices of appeal, and to any supporting briefs and memoranda on behalf of that appeal. Counsel or counsel substitute shall from the time the accused inmate is detained or receives notice of the alleged violation, whichever occurs first, have access to the accused inmate, witnesses and any records retained by the institution. Counsel or counsel substitute may be chosen by the inmate only from among the following groups, and with the consent of the person thus chosen:

1. Any member of the institutional staff.

2. Any member of the State of Minnesota Department of Corrections.

3. Any licensed attorney who is retained with the inmate's own funds or who volunteers his services.

4. Any person directly supervised by a licensed attorney and approved by the warden or his designee.

E. Counsel or counsel substitute shall be appointed for any mentally re-

tarded inmate charged with an institutional rules violation.

1. Counsel or counsel substitute shall be appointed *prior* to serving notice upon the accused mentally retarded inmate and the appointee's name shall be included on "Part A" of the notice.

2. At any time prior to his scheduled disciplinary hearing, an accused mentally retarded inmate may dispense with the right to counsel or counsel substitute by written notice signed by both the appointee and the inmate.

F. The institution shall promulgate procedures for the conduct of disciplinary hearings, including, but not limited to, the presentation of evidence, summations by counsel, the presentation of testimony and cross-examination.

G. A full and complete record shall be made of the disciplinary board's hearing which shall be retained for at least 45 days subsequent to the hearing, and shall be made accessible to the inmate and his counsel or counsel substitute for inspection and copying at no expense to the institution. The board's actual deliberations shall not be recorded.

VIII. *Disciplinary Board's Findings.*

A. A finding of guilty must be based on a majority vote of the members of the board, who must be convinced that the inmate's guilt is more probable than his innocence. No punishment may be imposed upon an inmate without a finding of guilty as set forth above.

B. At the conclusion of each hearing, the disciplinary board shall prepare a written statement containing the following information:

1. The board's decision.

2. The sentence imposed.

3. The evidence upon which the decision and sentence were based.

4. A statement of whether the sentence may be stayed during an appeal and the reasons for that decision.

5. The names of the board members hearing the case.

C. A copy of the disciplinary board's written statement must be given to the inmate within 4 hours of the imposition of the sentence.

IX. *Appeal.*

A. An appeal from the decision of the disciplinary board shall be taken to the warden or his designee. Any person who acted as the inmate's counsel substitute at the hearing upon which the appeal is based shall not hear the appeal.

B. An appeal of a disciplinary board's decision must be made in writing within 48 hours of the time sentence was imposed. A standard notice of appeal form will be provided to the inmate by the disciplinary board at the time sentence is imposed. The notice of appeal form shall state the inmate's rights on appeal and shall summarize the appeal procedure.

C. All notices of appeal must be filed with the custody office of the institution. The institution shall establish a procedure for collecting notices of appeal and conveying them to the custody office.

D. An inmate may prepare and submit additional material and briefs after filing his notice of appeal. This supplementary matter must be short, relevant and neatly prepared.

E. The warden or his designee may affirm, reverse or remand the disciplinary board's decision. He may also reduce, but may not increase the sentence. Remanded cases shall be resubmitted to the disciplinary board. Upon a rehearing, the disciplinary board may not impose a more severe

penalty than that initially imposed.

X.  *Execution of Sentence Pending Appeal.*

A.  The institution shall have established criteria which will be used to determine whether or not an inmate's sentence may be stayed pending an appeal.

B.  As a part of the disciplinary hearing the board shall decide whether or not a stay of execution of sentence should be granted in the event an appeal is taken.

C.  If it is determined that an inmate's sentence may be stayed while his appeal is pending, then at the time the inmate files his notice of appeal the remaining portion of his sentence shall be stayed and the inmate shall be returned to his prior status with reinstatement of all prior privileges.

D.  If it is determined that an inmate's sentence may *not* be stayed pending the appeal the sentence will continue to run.

E.  The warden or his designee shall review the disciplinary board's decision with respect to the staying of the sentence within 24 hours of the imposition of sentence.

F.  When the sentence has been stayed the warden or his designee must act upon the appeal within 30 days from the time the appeal was taken.

G.  When the sentence has *not* been stayed, the warden or his designee must act upon the inmate's appeal within 5 days from the time the appeal is taken.

H.  Failure to act upon the appeal within the time prescribed will constitute an automatic reversal of the disciplinary board's decision.

XI.  *Rules.*

A.  All institution rules, a violation of which may result in disciplinary action, including the rules by which disciplinary proceedings are to be conducted, shall be made available to all inmates within 10 days of the implementation dates of this Order.

B.  The maximum penalty for each rule violation shall accompany this list of rules.

XII.  *Non-Punitive Detention.*

A.  Each institution shall have established criteria upon which the warden or his designee may declare a general lockup, thereby suspending all rights and privileges of the inmates without requiring disciplinary hearings. Such general lockup provisions shall not suspend due process for alleged violations which are unrelated to the general lockup.

B.  Situations may exist where individual inmates may, for their own safety, be in need of isolation or segregation from the general population of the institution. The institution shall have established criteria upon which an inmate may be placed in segregation for his own protection. In such instances, the inmate will be informed of the basis for proposed segregation and will be given the opportunity to sign himself into the segregation area of the institution voluntarily, and may be released from such segregation upon his own written request. In those instances where, having been informed of the threat to his health or welfare, the inmate refuses to sign himself into segregation, the warden or his designee may order the inmate to be segregated so long as the substance of the danger is duly recorded in the inmate's base file and communicated by the warden or his designee, both verbally and in writing to the inmate. Inmates involuntarily committed under this safety requirement shall have their segregated status

reviewed every 7 days by the warden or his designee.

C. Whenever an inmate is moved within the institution or between institutions for non-disciplinary purposes, a statement as to the reason for the transfer must be recorded in the inmate's base file and a copy of the reasons provided to the inmate. Under no circumstances may an inmate be moved for disciplinary reasons without first affording him a full hearing before the disciplinary board.

XIII. *Use of Force or Chemicals.*

The institutions shall have established criteria for the use of force and chemicals on inmates detained in the punishment sections of the institutions.

XIV. *Procedures For Modifying Established Criteria.*

A. In all instances where the institution wishes to adopt, suspend, amend or repeal any of the established criteria or procedures referred to in this Order, it must post the proposed change for a minimum of 14 days on a bulletin board within each living unit of the institution affected.

B. The new or modified criteria shall become effective 3 days from the time they are first posted.

## STIPULATION

The parties, having fully considered the terms of the attached Order in the above-entitled matter, do hereby stipulate and agree as follows:

1) That the respective parties shall implement the terms of the attached Order, upon approval by the Court; and

2) That all damage claims arising out of the above-entitled matter against Kenneth Schoen, Commissioner of Corrections; Bruce McManus, Warden, Minnesota State Prison; and William McRae, Superintendent, Minnesota State Reformatory for Men, may be and hereby are dismissed with prejudice.

Dated: Sept. 5, 1973,

For Plaintiffs, on their own behalf, and on behalf of others similarly situated:

/s/ Inmate 24394, a.k.a., Carl Cooper

/s/ Ronald W. Harvey

/s/ Raymond White

For Defendants Kenneth Schoen, Bruce McManus and William McRae, on their own behalf and on behalf of their agents and employees:

/s/ Kenneth Schoen, Commissioner of Corrections

/s/ Bruce McManus, Warden, Minnesota State Prison

/s/ William McRae, Superintendent, Minnesota State Reformatory for Men