622 F.2d 961
 Dwight W. KELSEY, on his own behalf and on behalf of others
similarly situated, Appellant,
v.
STATE OF MINNESOTA; Kenneth Schoen, Commissioner of
Corrections; Harry C. Hansen, Chairman of Disciplinary
Board, Stillwater State Prison; Bruce McManus as Warden of
Stillwater Prison and their employees and agents, Appellees.
 No. 80-1062.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 22, 1980.
Decided May 30, 1980.
 
 Dwight W. Kelsey, filed brief for appellant, pro se.
 Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, Minn., on brief, for appellees.
 Before LAY, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Dwight Kelsey, an inmate of the Minnesota Department of Corrections at Stillwater State Prison, appeals the district court's[1] grant of summary judgment against him in this pro se civil rights action brought against the State of Minnesota and various prison officials. We affirm.
 
 
 2
 Kelsey's original complaint was filed on June 18, 1976. The complaint alleges, in substance, that Kelsey was denied due process during prison disciplinary proceedings against him in January, 1976. The complaint includes allegations that defendants failed to comply with several of the procedural requirements established in Inmate 24394 v. Schoen, 363 F.Supp. 683 (D.Minn.1973), for Minnesota State Prison disciplinary proceedings; that Kelsey was denied access to his legal materials for use at his hearing; and that evidence was planted or manufactured for use against him.
 
 
 3
 In February, 1977, defendants filed a motion for summary judgment with supporting affidavits. The following April, Kelsey filed an amended complaint, repeating the allegations of his original complaint and adding lengthy charges that his due process rights were similarly violated in disciplinary proceedings in June, 1976. For more than two years, Kelsey failed to initiate any further action in the matter; and in October, 1979, defendants filed a motion to dismiss the action. Kelsey failed to respond to that motion.
 
 
 4
 On January 9, 1980, the district court entered an order granting summary judgment[2] for defendants. The court, observing that the suit could be dismissed for Kelsey's failure to prosecute, addressed the merits of the action. The court concluded that the state and certain individual defendants were not proper defendants because there were no allegations that the named individuals were personally involved in the alleged deprivation of rights or that any violations resulted from official prison policy or custom. With respect to the remaining defendant, the court concluded that careful review of plaintiff's allegations and the affidavits offered by the state revealed no violation of the due process procedures mandated by Inmate 24394 v. Schoen, supra, and that the legal materials that Kelsey claimed were denied him were not relevant to the disciplinary hearings at issue.
 
 
 5
 We have carefully reviewed the record and find no reason to disturb the conclusions of the district court. Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Earl R. Larson, United States Senior District Judge, District of Minnesota
 
 
 [2]
 The court treated the motion to dismiss as one for summary judgment because it considered materials outside the pleadings. See Fed.R.Civ.P. 12(b)