# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1396

_____

| | | |
|---|---|---|
| Larry W. Jones, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Roesevelt Hayes; Winston Holloway ; | * | |
| Donald R. Peterson; Larry Green, | * | |
| | * | |
| Movants, | * | |
| | * | |
| Ronnie Briggs, | * | Appeal from the United States |
| | * | District Court for the |
| Appellant, | * | Eastern District of Arkansas. |
| | * | |
| v. | * | |
| | * | [UNPUBLISHED] |
| James Mabry, Individually and in his | * | |
| capacity as Director for the Arkansas | * | |
| Department of Correction; Jerry | * | |
| Campbell, Warden, Arkansa s | * | |
| Department of Correction; Kenn y | * | |
| Taylor, Assistant Warden, Arkansas | * | |
| Department of Correction; Larry | * | |
| Norris; Greg Harmon, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 24, 1999
Filed: December 6, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 1978, Arkansas inmates filed a class action suit against Arkansas Department of Correction (ADC) officials, raising First Amendment challenges to ADC grooming guidelines. In 1979, an order was entered terminating the litigation on the basis of a judicially approved mediated settlement agreement, in which ADC agreed that no standard hair length or styles would be required. In 1998, ADC enacted a new grooming policy, Administrative Directive (A.D.) 98-04, which standardized hair length and prohibited beards. After members of the 1978 class action (including Ronnie Briggs, a current Arkansas inmate) moved for contempt or breach of the settlement agreement, the district court[1] terminated the settlement agreement upon the prison officials' motion pursuant to the Prison Litigation Reform Act (PLRA) of 1995, and refused to find ADC in contempt. Briggs appeals, and we affirm.

We first reject Briggs's argument that the settlement agreement is a private settlement agreement which is exempt from the PLRA. Compare 18 U.S.C. § 3626(g)(1) (consent decree includes any relief entered by court that is based on consent or acquiescence of parties), with 18 U.S.C. § 3626(g)(6) (private settlement agreement is entered into among parties and is not subject to judicial enforcement other than reinstatement of civil proceeding that agreement settled). We also reject his argument that ADC violated his procedural due process rights by enacting the new grooming policy before seeking to terminate the settlement agreement. See Gavin v. Branstad, 122 F.3d 1081, 1090 (8th Cir. 1997) (holding inmates cannot show they have property interest in rights conferred by consent decree), cert. denied, 118 S. Ct. 2374

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

(1998). Briggs's constitutional challenge to the PLRA's termination provisions is foreclosed under <u>Gavin</u>, 122 F.3d at 1088-92 (finding PLRA is constitutional and does not violate separation of powers doctrine, equal protection, or due process).

Finally, we conclude the district court properly terminated the settlement agreement under 18 U.S.C. § 3626(b)(2) and (b)(3), because the court found (1) the settlement agreement lacked specific court findings meeting the standards of the PLRA, and (2) A.D. 98-04 was not unconstitutional. <u>See</u> <u>Watson v. Ray</u>, No. 98-3443, 1999 WL 767854, at *4 (8th Cir. Sept. 29, 1999) (where district court found that consent decree did not contain findings required by PLRA--decree was not narrowly tailored and provided more relief than Constitution required--and that inmates had failed to prove existence of current federal rights violations, district court did not err in terminating decree). Thus, we find no abuse of discretion in the district court's refusal to hold ADC in contempt. <u>See</u> <u>Welch v. Spangler</u>, 939 F.2d 570, 572 (8th Cir. 1991) (standard of review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.