# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2774

_____

Ronald W. Harvey, Raymond White, &ast;
on their own behalf and on behalf of &ast;
others similarly situated, &ast;
&ast;
Appellants, &ast;
&ast;
v. &ast;
&ast; Appeal from the United States
Kenneth Schoen, Commissioner of &ast; District Court for the District of
Corrections; Llewellyn H. Linde, &ast; Minnesota.
Chairman of the Adult Corrections &ast;
Commission; Wilfred Antell, Benjamin &ast;
J. Berger, Charles W. Poe, William R. &ast;
Whiting, Mrs., Members of the Adult &ast;
Corrections Commission; Bruce &ast;
McManus, as Warden of the State &ast;
Prison; and their agents and &ast;
employees, &ast;
&ast;
Appellees. &ast;

_____

Submitted: May 10, 2000

Filed: April 6, 2001

_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

A class of inmates at two Minnesota correctional facilities appeals the termination of a 1973 consent decree governing disciplinary procedures at those facilities. The district court[1] found that the consent decree did not contain the required finding that it was narrowly drawn, extended no further than necessary to correct the federal rights violation, and was the least intrusive means necessary to correct the violation. It also found that there were no current and ongoing federal rights violations and so granted the motion to terminate the decree pursuant to the termination provisions of the Prison Litigation Reform Act of 1995, 18 U.S.C. § 3626(b) (Supp. IV 1998). Appellants argue that these provisions are unconstitutional and that the district court erred in denying their request to conduct discovery to supplement the record. We affirm.

In 1972, a class of incarcerated and released inmates at the Minnesota Correctional Facility at Stillwater filed a complaint alleging that certain disciplinary rules and regulations of the correctional facility violated their rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and various federal and state statutes. Early the following year, inmates at the Minnesota Correctional Facility at St. Cloud were permitted to intervene. The parties entered into an agreement concerning disciplinary procedures at the facilities. The court approved the agreement in an order filed September 10, 1973, which also dismissed with prejudice all of the damage claims against the defendants. Inmate 24394 v. Schoen, 363 F. Supp. 683 (D. Minn. 1973) (the "Schoen decree"). The district court stated that its order should not be construed to mean that any prior disciplinary procedures

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

violated due process of law. Since the entry of the Schoen decree, no claims alleging violations of the decree have been sustained.

On August 18, 1998, the defendants moved to terminate the Schoen decree pursuant to 18 U.S.C. § 3626(b), and the district court granted the motion. Harvey v. Schoen, 51 F. Supp. 2d 1001 (D. Minn. 1999). The plaintiffs appealed and filed a motion requesting that the defendants be enjoined from acting in derogation of the procedures set forth in the Schoen decree pending the appeal, which the district court granted. We then granted a motion by the defendants to vacate the stay. Harvey v. Schoen, No. 99-2774, slip op. (8th Cir. Aug. 19, 1999).

**I.**

Appellants argue that the mandatory termination provisions of the Prison Litigation Reform Act violate the separation of powers principle because they allow Congress to reopen and order the termination of final judgments of federal courts. The district court rejected this argument, concluding that it was contrary to Eighth Circuit precedent. Harvey v. Schoen, 51 F. Supp. 2d 1001, 1006 (D. Minn. 1999) (citing Tyler v. Murphy, 135 F.3d 594 (8th Cir. 1998), and Gavin v. Branstad, 122 F.3d 1081 (8th Cir. 1997)).

The statute at issue limits the scope of appropriate relief with respect to prison conditions and establishes specific time frames for the termination of existing prospective relief. 18 U.S.C. § 3626. Before approving prospective relief, a court must find that the relief is narrowly drawn, extends no further than necessary to correct the violation of a federal right, and is the least intrusive means necessary to correct that violation. 18 U.S.C. § 3626(a)(1)(A). Any prospective relief ordered in a civil action with respect to prison conditions on or before the statute's April 26, 1996 enactment date is terminable two years after this date upon motion of any party or intervener. 18 U.S.C. § 3626(b)(1)(A)(iii). Any prospective relief, regardless of when ordered, is

immediately terminable upon motion of a defendant or intervener if the relief was approved or granted in the absence of the required finding. 18 U.S.C. § 3626(b)(2). A motion to terminate relief acts as an automatic stay of the relief pending the district court's final ruling on the motion and beginning 30 or 180 days after the motion is filed. 18 U.S.C. § 3626(e)(2). Termination is prohibited, however, if the court makes written findings based on the record that the prospective relief remains necessary to correct a current and ongoing violation of a federal right, extends no further than necessary to correct that violation, and is narrowly drawn and the least intrusive means to correct the violation. 18 U.S.C. § 3626(b)(3).

We rejected the argument that the immediate termination provisions violated the separation of powers principle in Gavin v. Branstad, 122 F.3d 1081 (8th Cir. 1997). We held that they were not an impermissible attempt by Congress to reopen the final judgments of Article III courts. Id. at 1089.

Since this case was submitted, the Supreme Court considered and rejected the argument that the automatic stay provision of section 3626(e)(2) suspends a final judgment of an Article III court, constituting an impermissible assumption of judicial power by the legislature. Miller v. French, 120 S. Ct. 2246, 2256 (2000). The Court characterized the automatic stay as an aid in the enforcement of the new standards for prospective relief and held that the stay did not offend the separation of powers principle. Id. at 2259-60.

In light of these precedents, we reject appellants' argument and affirm the district court's termination of the consent decree.

## II.

Appellants contend that the district court erred in denying their request to conduct additional discovery in order to supplement the record to show a "current and

ongoing" violation of a federal right which would have precluded termination of the decree. See 18 U.S.C. § 3626(b)(3). We review a district court's discovery rulings for abuse of discretion. Watson v. Ray, 192 F.3d 1153, 1158 (8th Cir. 1999).

While district courts should allow prisoners to supplement the record with evidence of current practices to prove a current and ongoing violation, they are not required to grant discovery requests in every case. See id.; cf. Cagle v. Hutto, 177 F.3d 253, 258 (4th Cir. 1999) (pre-termination evidentiary hearing is discretionary unless party opposing termination alleges specific facts amounting to current and ongoing constitutional violation).

Before the district court, appellants contended only that the defendants failed to comply with the requirements of the Schoen decree, that constitutional violations of which they were unaware might exist, and that their rights might be violated in the future if the decree was terminated. Numerous motions alleging violations of the Schoen decree were filed during the twenty-eight years it was in effect. None were sustained, and several were considered by the district court in conjunction with the motion to terminate. The district court found that because the protections afforded by the Schoen decree exceeded those available under the Constitution or any federal law, none of the claims alleged facts that would constitute a violation of any federal right. Based on this record, the district court did not abuse its discretion in denying the request for additional discovery.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.