# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3452

_____

| | | |
|---|---|---|
| Indrani Hanuman, for herself and as | * | |
| the next friend of Amanda Hanuman; | * | |
| Andrew Hanuman; Shivan Hanuman; | * | |
| Travis Hanuman, | * | |
| | * | |
| Plaintiffs-Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Todd A. Groves; Michael Strouse; | * | of Minnesota. |
| Wal-Mart Stores, Inc., an Arkansas | * | |
| corporation; | * | [UNPUBLISHED] |
| | * | |
| Defendants-Appellees, | * | |
| | * | |
| Thomas J. Williams, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  June 13, 2002

Filed:   June 25, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Indrani Hanuman and her four children (the Hanumans) appeal an adverse grant of summary judgment and the denial of certain discovery requests. Having reviewed the record and the parties' briefs, we affirm the district court.[*]

On November 10, 1998, the Hanumans had finished shopping in Wal-Mart when Wal-Mart employees stopped all four Hanuman children because two were suspected of shoplifting. (Local police officers later issued shoplifting citations to these two children.) The Hanumans allege Wal-Mart and its employees violated 42 U.S.C. § 1983 by discriminating against the Hanumans on the basis of their race. After reviewing depositions of the parties, the district court concluded Wal-Mart was not a state actor and dismissed the Hanumans' § 1983 claim on summary judgment. Our review is de novo: we view the facts in the light most favorable to the non-moving party and affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Curd v. Hank's Discount Fine Furniture, Inc., 272 F.3d 1039, 1041 (8th Cir. 2001) (per curiam) (standard of review).

When evaluating whether private action has become state action, we examine the connection between the private entity and public authorities. A store's conduct may be considered state action if the police rely on the store employees to perform police functions, for example, "when the police detain accused shoplifters without making an independent investigation or pursuant to a customary plan between the store and the police department." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied 122 S.Ct. 1606 (2002). Further, finding state action is even more likely when, as in Murray v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir. 1989), the apprehending store employee is a member of the local police force and has a close relationship with the local prosecutor.

---

[*]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota, sitting by consent of the parties under 28 U.S.C. § 636(c).

The Hanumans contend Wal-Mart and its employees are state actors. We disagree. First, the police officers made an independent investigation before determining there was sufficient probable cause to cite two of the Hanuman children for shoplifting: the officers reviewed Wal-Mart's internal report, and interviewed the two Wal-Mart employees and the children's mother. Second, although Wal-Mart employees called the police to enforce a shoplifting statute, the Hanumans have submitted no evidence that Wal-Mart and the police department had a pre-arranged or "customary" plan to work together to prosecute shoplifting. Merely calling the police to enforce a state statute does not turn Wal-Mart's behavior into state action. See Youngblood, 266 F.3d at 855.

Additionally, this situation is distinguishable from Murray. In Murray, we noted that–among more significant indications that a store acted in concert with local law enforcement–a store security employee was employed by the local police department and had a close personal relationship with the local prosecutor, who apparently decided to prosecute based on the store employee's word alone. 874 F.2d at 559. Here, one of the Wal-Mart security employees was also employed by a police department, but he was employed by a neighboring county–not by the local, arresting authority. Further, even assuming one Wal-Mart employee was acquainted with a police officer who had a minor role in the investigation, there is no indication this personal contact influenced the officers' independent investigation. Because the connection between Wal-Mart and the police department was not strong enough to transform Wal-Mart's conduct into state action, we conclude summary judgment was appropriate on the Hanumans' § 1983 claim.

The Hanumans also claim the district court committed error when it denied their discovery request to interview other individuals who had been stopped by Wal-Mart for suspicion of shoplifting. The Hanumans requested these interviews in an effort to establish a pattern of racial profiling by Wal-Mart and substantiate their § 1983 claim. The district court found the requested interviews would "not lead to the

discovery of admissible evidence either directly or indirectly" because they would not help resolve the state action question, and thus the interviews "would violate legitimate privacy interests of potential interview subjects, particularly juveniles, for no redeeming purpose." <u>Hanuman v. Groves</u>, No. 99-2000, slip op. at 2 (D. Minn. Dec. 18, 2000). Having reviewed the parties' arguments, we conclude the district court acted within its authority and did not abuse its discretion by refusing to allow the requested discovery. <u>See</u> <u>Harvey v. Schoen</u>, 245 F.3d 718, 720-21 (8th Cir. 2001) (standard of review).

For the reasons stated above, we affirm the district court's well-reasoned opinion and order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.