**Dean GINEST, Robert Willey, Clifford Davis, Rick Wright, David Carpenter, Frank W. Cook, and Frank R. Lopez, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**THE BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY, WYOMING; C.W. Ogburn, Sheriff of Carbon County, in his individual and official capacities; and Robert Grieve, James A. York, and O.R. "Bud" Daily, Carbon County Commissioners, in their individual and official capacities; and Donald Sherrod, in his official capacity, Defendants.**

No. C86–0310–J.

United States District Court,
D. Wyoming.

Dec. 10, 2003.

Stephen L. Pevar, American Civil Liberties Union, Hartford, CT, Linda Burt, American Civil Liberties Union, Cheyenne, WY, for Plaintiffs.

Richard Rideout, Cheyenne, WY, Thomas A. Thompson, Carbon County Attorney, Rawlins, WY, Daniel G. Blythe, Attorney at Law, Cheyenne, WY, for Defendants.

## CORRECTED NUNC PRO TUNC ORDER RESERVING RULING "DEFENDANTS' MOTION FOR IMMEDIATE TERMINATION OF CONSENT ORDER AND DECREE," ORDER DENYING DEFENDANTS' "MOTION FOR ORDER OF PROTECTION FROM PLAINTIFFS' DISCOVERY REQUESTS AND FOR ORDER STAYING DISCOVERY," ORDER GRANTING PLAINTIFFS' "MOTIONS FOR ADDITIONAL DISCOVERY AND A NEW SCHEDULING ORDER" AND ORDER ESTABLISHING DEADLINES AND NEW HEARING DATE

ALAN B. JOHNSON, District Judge.

The defendants' Motion for Immediate Termination of Consent Order and Decree (filed August 20, 2003, docket entry no. 168) and the plaintiffs' response in opposition to the motion (filed September 4, 2003, docket entry no. 170) came before the Court for hearing on November 14, 2003. Thomas Thompson appeared for moving defendants; Stephen L. Pevar and Linda Burt appeared for the plaintiffs. At the hearing, the Court also considered the defendants' Motion for Order of Protection from Plaintiffs' Discovery Requests and for Order Staying Discovery (filed August 27, 2003, docket entry no. 169) and the plaintiffs' response in opposition to the motion (filed September 4, 2003, docket entry no. 171), as well as plaintiffs' Motions for Additional Discovery and a New Scheduling Order (docket entry No. 172) and defendants' response in opposition thereto (docket entry no. 174).

After considering the arguments of counsel, the applicable law, and being fully advised, the Court has determined that it will decline the defendants' request to terminate immediately the 1987 Consent Decree, and will reserve ruling on the parties' motions, pending completion of discovery sought by plaintiffs and conclusion of an evidentiary hearing.

The Court is not persuaded by the defendants' arguments that the Prison Litigation Reform Act ("PLRA") mandates immediate termination of the 1987 Consent Decree in the circumstances of this case. The Court has considered the numerous authorities cited by the parties in support of their respective positions. The Court finds that the plaintiffs are entitled to pursue discovery and that the Court must first hold an evidentiary hearing as to the existence of alleged ongoing and continuing constitutional violations by the defendants. The Court agrees with the analysis offered by the Sixth Circuit in *Hadix v. Johnson*, 228 F.3d 662 (6th Cir.2000), which held that the plaintiffs were entitled to an opportunity to present evidence of ongoing constitutional violations. The arguments there were not substantially different from those advanced by the parties in this case. The following excerpt from that opinion is instructive:

> The plaintiffs' argument goes to the question of "[t]he proper evidentiary methods and materials that a district

court may utilize in deciding a § 3626(b)(2) motion." ... We addressed, but did not resolve, this question in a previous opinion concerning the constitutionality of the PLRA's automatic stay provision. In that decision, we explained:

Michigan ... contends that under the statute a motion for immediate termination of a consent decree must be considered on the record existing at the time the motion was filed, disallowing the district judge to engage in supplemental fact-finding. The state supports its argument by § 3626(b)(3)'s directive that "[p]rospective relief shall not terminate if the court makes written findings *based on the record*" ... that relief remains necessary and narrowly drawn. That language, the inmates respond, does not mean simply the existing record at the time the motion was filed. Rather, the statute necessarily enables a district judge to examine current conditions at the prisons which become part of the judicial record, since the very task before the judge is to ascertain the existence of "a current or ongoing violation" of a federal right. As the state would have it, the district court would be forbidden from supplementing the past record in a case to determine whether a current constitutional violation exists....

We believe this debate is premature at this juncture and should await appellate review of the lower courts' actual rulings on the termination motions. The proper evidentiary methods and materials that a district court may utilize in deciding a § 3626(b)(2) motion is a question more aptly considered when this court has before it a concrete example of how a district court actually proceeded in ruling upon a motion under § 3626(b)(2).

*Id.*

Section 3626(b)(3) of the PLRA requires a district court to determine, based on the record, whether there exists a "current and ongoing violation of the Federal right." Because the PLRA directs a district court to look to *current conditions,* and because the existing record at the time the motion for termination is filed will often be inadequate for purposes of this determination, the party opposing termination must be given the opportunity to submit additional evidence in an effort to show current and ongoing constitutional violations. This position has been taken by numerous other courts that have considered the issue. *See Loyd v. Alabama Dep't of Corrections,* 176 F.3d 1336, 1342 (11th Cir.) (reversing the district court's refusal to hold an evidentiary hearing prior to terminating the consent decree, reasoning that "[i]t would read all meaning out of [§ 3626(b)(3)] to force the party opposing termination to show that the consent decree meets the requirements of § 3626(b)(3) and then not provide that party with the opportunity to present evidence on that point"), *cert. denied,* 528 U.S. 1061, 120 S.Ct. 613, 145 L.Ed.2d 509 (1999); *Berwanger,* 178 F.3d at 839–40 (holding that the district court erred by letting more than a year pass after the motion for termination was filed without action and then terminating the decree under § 3626(b)(2) without making any findings, and explaining that the district court must hold an evidentiary hearing if there are disputed issues of material fact); *Benjamin,* 172 F.3d at 166 ("In sum, we interpret §§ 3626(b)(2) and (3), read together, to mean that, when the plaintiffs so request in response to a defendant's motion for termination, the district court

must allow the plaintiffs an opportunity to show current and ongoing violations of their federal rights."); *Tyler v. Murphy,* 135 F.3d 594, 597 (8th Cir.1998) (agreeing with the argument that proponents of prospective relief under the PLRA must be given an opportunity on remand to present evidence supporting such relief). *But see Cagle v. Hutto,* 177 F.3d 253, 258 (4th Cir.1999) (holding that § 3626(b)(3) does not require a district court to hold an evidentiary hearing in all cases, although noting that a district court may do so in appropriate circumstances and stating that a hearing is mandated if "the party opposing termination alleges specific facts which, if true, would amount to a current and ongoing constitutional violation."), *cert. denied,* 530 U.S. 1264, 120 S.Ct. 2723, 147 L.Ed.2d 987 (2000). Furthermore, as we have previously pointed out, *see Hadix,* 144 F.3d at 949, district courts considering motions for termination under the PLRA have allowed plaintiffs opposing termination to present evidence of ongoing violations prior to ruling. *See, e.g., Jensen v. County of Lake,* 958 F.Supp. 397, 406 (N.D.Ind. 1997); *Carty v. Farrelly,* 957 F.Supp. 727, 733 (D.Vi.1997).

*Hadix v. Johnson,* 228 F.3d at 671–672 (some citations omitted).

In this case, the Court finds that the plaintiffs should be allowed the opportunity to present evidence of ongoing violations prior to ruling. The PLRA directs a district court to look at current institutional conditions. The plaintiffs have alleged specific facts in their supporting affidavits, which, if true, would amount to current and ongoing constitutional violations. The plaintiffs should be permitted to engage in discovery regarding present evidence of current and ongoing constitutional violations prior to the evidentiary hearing to be held in this matter on the defendants' motion for termination of the consent decree. Accordingly, therefore

**IT IS HEREBY ORDERED:**

1. The plaintiffs' Motion for Additional Discovery is **GRANTED**. The defendants shall respond to the Plaintiffs' First Set of Discovery and plaintiffs may serve thereafter ten (10) more each for interrogatories and requests for production.

2. The defendants' Motion for Order of Protection and for an Order Staying Discovery is **DENIED**.

3. The plaintiffs' Motion for a New Scheduling Order shall be, and is, **GRANTED**. At the hearing held November 14, 2003, certain deadlines for further proceedings were established upon consultation with counsel. The following deadlines shall obtain hereafter:

! The discovery cutoff will be **April 2, 2004.**

! Expert listing deadlines: Plaintiffs shall provide their expert designations, with report, pursuant to Rule 26, on or before **May 3, 2004.** Defendant shall file its expert designations, with report, on or before **June 7, 2004.**

! The final pretrial conference will be held **July 9, 2004 at 9:00 a.m. in Cheyenne, Wyoming.** The parties may participate in the final pretrial conference by telephone conference call. The parties are responsible for initiating the conference call (with all parties on a single line) to the Court by calling (307) 433–2170 on the date and at the time scheduled for the hearing. It is requested that the parties advise the Court of their intentions to participate by telephone five business days prior to the date scheduled for the final pretrial conference.

! The parties shall submit their final pretrial memoranda no later than **five**

(5) **business days** prior to the final pretrial conference. U.S.D.C.L.R. 16.2(b).

! **A nonjury trial** with respect to the issues raised by plaintiffs in these proceedings seeking to determine compliance with and to enforce the 1987 Consent Decree and as to the defendants' motion to terminate the consent decree will be held **August 2, 2004 at 1:30 p.m., to be held either in Cheyenne, Wyoming or Rawlins, Wyoming.**

! All discovery and scheduling disputes and concerns shall be brought directly to this district court, rather than the magistrate judge. The Court shall supervise and manage discovery and will not refer this matter to the magistrate judge for disposition.

4. The Court will defer ruling on the remaining motions, particularly defendants' motion for immediate termination of consent decree and plaintiffs' motion for order to show cause why defendants' should not be held in contempt, pending conclusion of discovery and the evidentiary hearing to be held in this matter.